UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v.    CRIMINAL ACTION NO. 3:16-CR-00082-7-DJH | |
| JOLIE JOHNSON and  DANTE WATTS et al. | DEFENDANTS |

### JOINT MOTION OF DEFENDANTS JOLIE JOHNSON AND DANTE WATTS TO RECONSIDER ORDER DENYING MOTION TO SUPPRESS WIRETAP EVIDENCE

The Court recently entered a decision denying the motion of Jolie Johnson, Dante Watts, and other defendants to suppress wiretap evidence. (R. 180, Mem. Op. & Order, Page ID # 1309.) The ruling contains a factual error which causes the Court to make a clear mistake of law regarding the question of Ms. Johnson's and Mr. Watts's standing to challenge the first wiretap against Ismael Gonzalez ("Affidavit IV," *see* R. 149-4, Page ID # 690) and the subsequent wiretaps derived from that one. Ms. Johnson and Mr. Watts ask the Court to modify its ruling to the extent it holds that they lack such standing.

The wiretap associated with Affidavit IV intercepted calls over "Target Telephone V," which was owned by Mr. Gonzalez. (R. 149-4, Sanders Affid. IV at pg. 3 ¶ 5(e), Page ID # 702) (*see*

**Wiretap Cross-Reference Table (selected)**

| Rec. No. | Sanders Affid. # | U.S. Dist. Ct. Misc. File No. | Application Date | Telephone Owner | | Target Telephone # |
|---|---|---|---|---|---|---|
| 149-4 | IV | WT 16-12 | 05/03/16 | GONZALEZ, Ismael | 5 | (502) 708-6953 |
| 149-6 | VI | WT 16-12 (1st ext) | 06/01/16 | GONZALEZ, Ismael | 5 | (502) 708-6953 |

"Wiretap Cross-Reference Table," above). The Court authorized the wiretap on May 3, 2016. (*Id.* at pg. 38, Page ID # 737.) Three days later, the wiretap captured a telephone call between Mr. Gonzalez and Mr. Watts, as Agent Sanders subsequently recounted:

> On May 6, 2016, at approximately 22:48 hours, an outgoing call from **Target Telephone V** to (502) 249-4532, which is believed to be utilized by Dante WATTS, was intercepted. During this conversation, GONZALEZ asked, "Do you think your sister can go with me to have fun at the Derby tomorrow?" WATTS responded, "The Derby tomorrow yes ... I'm gonna call her right now and tell her to call you." GONZALEZ responded, "Call her ... and I don't know what time, but we go have fun tomorrow." Based on this conversation, it is believed that GONZALEZ would like WATTS' sister [Ms. Johnson] to travel with him to meet the truck driver that [unidentified male #1] is sending. It is believed that the driver will provide GONZALEZ and WATTS' sister an amount of narcotics, which will then be transported to WATTS.

(R. 149-6, Sanders Affid. VI at pg. 15 ¶ 18, Page ID # 830-831 (emphasis in original).) A few minutes after this conversation, Mr. Gonzalez spoke on the monitored phone with Ms. Johnson:

> On May 6, 2016, at approximately 22:52 hours, an incoming call from (502) 443-3236, which is believed to be utilized by Joelie JOHNSON, was intercepted over **Target Telephone V**. During this conversation, GONZALEZ stated, "You wanna go to the Derby tomorrow?" JOHNSON responded, "Okay." GONZALEZ further stated, "You have to have your phone close to you …. I don't know what time …. I know it[']s before three or four." JOHNSON responded, "Okay, that's fine." GONZALEZ responded, "You have to send me the place you have to go and I pick you up." JOHNSON responded, "Oh, okay …. I have to say where I need to be picked up from?" GONZALEZ responded, "It doesn't matter where I have to pick you up …. in your place or somewhere like the mall or whatever." Based on this conversation, it is believed that GONZALEZ would like JOHNSON to travel with him the following day to retrieve an amount of narcotics from the truck driver.

(*Id.* at pg. 16 ¶ 19, Page ID # 831 (emphasis in original).)

These narratives appear in Agent Sanders's later-written "Affidavit VI" (submitted on June 1, 2016), but the quoted conversations were recorded by means of the wiretap obtained via Affidavit IV. (*See id.* at pg. 4 ¶ 5(*i*), Page ID # 819, and pg. 8 ¶¶ 12(c) and 12(d), Page ID # 823.) Agent Sanders's later affidavit additionally details at least four other telephone calls over Target Telephone V which involved Ms. Johnson and were recorded under the Affidavit IV wiretap. (*See* R. 149, Johnson Mot. to Suppress at pg. 15, Page ID # 487 (citing relevant conversations).) The later

3

affidavit similarly recounts at least eleven phone conversations between Mr. Gonzalez and Mr. Watts which agents monitored under the Affidavit IV wiretap. (R. 149-6, Sanders Affid. VI at pp. 25-33, ¶¶ 40-41, 43-47, 49-51, 53, Page ID # 840-849.)

The wiretap statutes provide that "[a]ny aggrieved person" may move to suppress the contents of an unlawfully recorded phone conversation. 18 U.S.C. § 2518(10)(a). An "aggrieved person" is one "who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." § 2510(11). Ms. Johnson and Mr. Watts were both parties to communications intercepted under the Affidavit IV wiretap, and they therefore have standing to challenge the propriety of the Affidavit IV wiretap. *United States v. Cooper*, 868 F.2d 1505, 1509 (6th Cir. 1989).

The Court decided against Ms. Johnson and Mr. Watts on the question of standing, the Court explained, because the defendants' motions "cite[] Affidavit VI, which supported another wiretap that is not at issue in this motion to suppress." (R. 180, Mem. Op. & Order at pp. 5, 6, Page ID # 1313, 1314.) It is true that Ms. Johnson and Mr. Watts relied on facts contained in Affidavit VI, and true that Agent Sanders had offered Affidavit VI in support of a subsequent wiretap. This chronology does not make the content of Affidavit VI irrelevant, however. To the contrary, much of Affidavit VI's substance consisted of a quasi-transcript of

4

conversations recorded on Mr. Gonzalez's phone (Target Telephone V) between May 3 and June 1, 2016, under authority of the *Affidavit IV* wiretap.  Agent Sanders makes this clear in the prefatory section of Affidavit VI, where he writes that "[s]ince May 3, 2016, members of the DEA LDO have been intercepting wire communications over **Target Telephone V**, a phone utilized by Ismael GONZALEZ. . . . These calls are detailed below." (R. 149-6, Sanders Affid. VI at pg. 14 ¶ 15, Page ID # 829 (emphasis in original).)

Ms. Johnson and Mr. Watts were among those whose calls were recorded over Target Telephone V during the period between May 3 and June 1, 2016, when the Affidavit IV wiretap was active. (R. 149-6, Sanders Affid. VI at pg. 8 ¶ 12(c) and (d), Page ID # 823.) Agent Sanders's Affidavit VI thus recites facts which establish that Ms. Johnson and Mr. Watts were "a party to any intercepted wire, oral, or electronic communication" recorded pursuant to the Affidavit IV wiretap.  The Court was accordingly in error when it held that "there is nothing in the record to suggest" that Mr. Watts or Ms. Johnson "was a party to any conversation intercepted under the Gonzalez wiretap…." (R. 180, Mem. Op. & Order at pp. 5, 6, Page ID # 1313, 1314.)

The Court is therefore asked to amend its Memorandum Opinion and Order so that it recognizes Ms. Johnson's and Mr. Watts's standing.  (*See* R. 180, Mem. Op. & Order, Part A at pp.

5

4-6, Page ID # 1312-1314.)  The Court has authority to revisit *all* of its Order, of course, not just its ruling on standing but also its substantive decisions regarding the necessity issue (*see id.*, Part II(B) at pp. 6-16, Page ID # 1314-1324) and the appropriateness of a *Franks* hearing (*id.*, Part II(C) at pp. 16-21, Page ID # 1324-1329).  *See McConocha v. Blue Cross & Blue Shield Mut.*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) ("a court can always take a second look at a prior decision").  The defendants do not waive their objections to these latter two parts of the Court's Order, and to that end they incorporate the content of their earlier pleadings (R. 149, Johnson Motion, and R. 167, Reply; *and* R. 160, Watts Motion, and R. 173, Watts Reply) as grounds for the Court to amend those other parts of its Order.  Rather than reiterate those arguments here, though, *see McConocha*, 930 F.Supp. at 1184 (a motion to reconsider should not "renew arguments already considered and rejected"), counsel for Ms. Johnson and Mr. Watts will promptly supplement this motion if the Court wishes to revisit more than just the standing issue.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Attorneys for Defendant Johnson
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

*Frank Mascagni, III* [by permission granted]

Frank Mascagni, III
Attorney for Defendant Watts
228 S. Seventh Street
Louisville, KY 40202
502-583-2831
FrankMascagniIII@hotmail.com

## CERTIFICATE OF SERVICE

On October 31, 2017, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*

Michael R. Mazzoli