UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                    Plaintiff,

v.                                                                          Criminal Action No. 3:16-cr-82-DJH

JOLIE JOHNSON,
DANTE WATTS, and
OSCAR ARGUETA, et al.,                                                                    Defendants.

\* \* \* \* \*

**ORDER**

Defendants Jolie Johnson and Dante Watts have moved the Court to reconsider its October 27, 2017 Order denying Defendants' motion to suppress. (Docket No. 181; D.N. 180) Specifically, Johnson and Watts ask the Court to modify the ruling to the extent it holds that they lacked standing to challenge the Gonzalez wiretap. (D.N. 181, PageID # 1331) The government acknowledges an error in its response to the motion to suppress and now agrees that Johnson and Watts would have standing to challenge the Gonzalez wiretap. (D.N. 185, PageID # 1344) Because the Court made a clear error with respect to the standing issue, the Court will grant in part the motion to reconsider. However, as explained in the Court's Memorandum Opinion and Order, even if all Defendants had standing to challenge the wiretap, the motion to suppress would still be denied because the government met the necessity requirement. (D.N. 180, PageID # 1314) Thus, the Court's decision to grant in part the motion to reconsider does not affect the outcome of the Court's prior Order. (*See id.*, PageID # 1330)

I.

"[A] court should grant motions for reconsideration sparingly . . . and 'only if the prior decision appears clearly to be legally or factually erroneous.'" *United States v. Norris*, No. 1:11-CR-00034-TBR-01, 2012 WL 4960084, at *5 (W.D. Ky. Oct. 16, 2012).

In its October 27, 2017, Memorandum Opinion and Order, the Court concluded that Defendants Johnson and Watts lacked standing to challenge the Gonzalez wiretap. (D.N. 180, PageID # 1314) The Court based this conclusion on the fact that, in support of their standing argument, Johnson and Watts cited an affidavit submitted in support of a later wiretap in this case. (*Id.*, PageID # 1313-14) In their motion to reconsider, Defendants Johnson and Watts cite additional pages of that affidavit (*see* D.N. 181, PageID # 1333; D.N. 149-6, PageID # 819, 823) that make clear that the conversations of both Johnson and Watts were intercepted pursuant to the Gonzalez wiretap. (D.N. 149-6, PageID # 830-31, 834, 839-44, 846-48) And in a departure from its prior position, the United States now concedes that Johnson and Watts had standing to challenge the Gonzalez wiretap. (D.N. 185, PageID # 1345) As a result, the Court will modify its prior conclusion and find that Johnson and Watts had standing to challenge the Gonzalez wiretap. *See* 18 U.S.C. § 2518(10)(a) (explaining that only an "aggrieved person" may move to suppress the contents of an intercepted communication); § 2510(11) (defining "aggrieved person" as "a person who was a party to any intercepted . . . communication").

In response to the motion for reconsideration, the government also concedes that Defendant Oscar Argueta—who did not join the motion for reconsideration—had standing to challenge the Gonzalez wiretap. (D.N. 185, PageID # 1345) The government intercepted a conversation between Gonzalez and "an unknown tractor-trailer driver" through the Gonzalez wiretap. (D.N. 149-8, PageID # 990) The criminal complaint in this case alleged that Argueta is

the driver of the tractor trailer. (D.N. 1, PageID # 4-6) Based upon this information and the government's concession, the Court concludes that Argueta had standing to challenge the Gonzalez wiretap as well.[1]

Defendants Johnson and Watts also invite the Court to revisit its decisions regarding necessity and the appropriateness of a *Franks* hearing. (D.N. 181, PageID # 1336) But they have not shown any clear legal or factual error necessitating reconsideration of those issues. *See Norris*, 2012 WL 4960084, at *5. The Court therefore declines to reconsider its earlier decisions regarding necessity and the appropriateness of a *Franks* hearing.

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendants' motion to reconsider (D.N. 181) is **GRANTED** as to the issue of Johnson, Watts, and Argueta's standing to challenge the Gonzalez wiretap. The Court's October 27, 2017 Memorandum Opinion and Order is **AMENDED** to reflect that Defendants Johnson, Watts, and Argueta had standing to challenge the Gonzalez wiretap. Defendants' motion to reconsider is **DENIED** in all other respects.

November 27, 2017

**David J. Hale, Judge**
**United States District Court**

---

[1] Notably, Argueta did not assert any basis for standing when he moved to join Johnson's motion to suppress. (*See* D.N. 158) *See also Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978) (stating that the proponent of a motion to suppress has the burden of establishing that his own rights were violated).