Circuit Court of the State of Kentucky
For the County of Jefferson

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE PEOPLE OF THE STATE OF ) | |
| KENTUCKY FOR AUTHORIZATION ) | |
| TO OBTAIN LOCATION DATA ) | |
| CONCERNING A CELLULAR ) | SEALED WARRANT |
| TELEPHONE DEVICE CURRENTLY ) | |
| DESIGNATED BY TELEPHONE NUMBER: ) | |
| (502) 249-4532 (T-Mobile) ) | |

1. Application having been made by Special Agent Brian Sanders to ascertain the physical location of the cellular telephone assigned call number (502) 249-4532 (the "**Target Telephone**"), utilized by Dante WATTS, with service provided by telephone carrier T-Mobile for the **Target Telephone**, including but not limited to E-911 Phase II data (or other precise location information) (the "Requested Information"), concerning the **Target Telephone**, for a period of sixty (60) days.

2. The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to evidence of violations of KRS 218A, among other offenses, as well as to the identification of individuals who are engaged in the commission of these offenses.

3. IT IS HEREBY ORDERED that Agents of the Drug Enforcement Administration (DEA), beginning at any time within ten (10) days of the date of this warrant and for a period not to exceed sixty (60) days, may continue to obtain the Requested Information concerning the **Target Telephone**, with said authority to extend to any time of the day or night as required, including when the **Target Telephone** leaves the Commonwealth of Kentucky; all of said authority being expressly limited to ascertaining the physical location of the **Target Telephone**

and expressly excluding the contents of any communications conducted by the user(s) of the **Target Telephone**.

4. It is further ORDERED that T-Mobile, the service provider for the **Target Telephone**, continue to assist Agents of the DEA by providing all information, facilities and technical assistance needed to ascertain the Requested Information, including by initiating a signal to determine the location of the subject's mobile device on the network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the warrant, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as T-Mobile accords the user of the **Target Telephone**.

5. It is further ORDERED that the DEA compensate T-Mobile for reasonable expenses incurred in complying with any such request.

6. It is further ORDERED that this warrant, application, and the accompanying Affidavit submitted in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained by the Commonwealth Attorney's Office, and may be served on Agents and other investigative and law enforcement officers, state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and T-Mobile as necessary to effectuate the warrant.

*[signature]*

7. It is further ORDERED that T-Mobile, its affiliates, officers, employees, and agents not disclose this warrant or the underlying investigation, until notice is given as provided above.

8. It is further ORDERED that this warrant apply to any changed cellular telephone number subsequently assigned to the **Target Telephone** within the period of this warrant.

DATED: 5-13-16

_____
JEFFERSON COUNTY KENTUCKY CIRCUIT COURT JUDGE

_____
SIGNATURE

Circuit Court of the State of Kentucky
For the County of Jefferson

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION )<br>OF THE PEOPLE OF THE STATE OF )<br>KENTUCKY FOR AUTHORIZATION )<br>TO OBTAIN LOCATION DATA )<br>CONCERNING CELLULAR )<br>TELEPHONE DEVICES CURRENTLY )<br>DESIGNATED BY TELEPHONE )<br>NUMBERS (502) 408-7590 (AT&T) AND )<br>(502) 408-7593 (AT&T) ) | SEALED WARRANT |

    1. Application having been made by Special Agent Brian Sanders to ascertain the physical location of the cellular telephones assigned call number (502) 408-7590 ("**Target Telephone II**") and (502) 408-7593, both of which are believed to be utilized by Dante WATTS, with service provided by telephone carrier AT&T for the **Target Telephones II and III**, including but not limited to E-911 Phase II data (or other precise location information) (the "Requested Information"), concerning the **Target Telephones II and III**, for a period of sixty (60) days.

    2. The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to evidence of violations of KRS 218A, among other offenses, as well as to the identification of individuals who are engaged in the commission of these offenses.

    3. IT IS HEREBY ORDERED that Agents of the Drug Enforcement Administration (DEA), beginning at any time within ten (10) days of the date of this warrant and for a period not to exceed sixty (60) days, may continue to obtain the Requested Information concerning the **Target Telephones II and III**, with said authority to extend to any time of the day or night as required, including when the **Target Telephones II and III** leaves the Commonwealth of

-1-

Kentucky; all of said authority being expressly limited to ascertaining the physical location of the **Target Telephones II** and **III** and expressly excluding the contents of any communications conducted by the user(s) of the **Target Telephones II** and **III**.

4. It is further ORDERED that AT&T, the service provider for the **Target Telephones II** and **III**, continue to assist Agents of the DEA by providing all information, facilities and technical assistance needed to ascertain the Requested Information, including by initiating a signal to determine the location of the subject's mobile device on the network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the warrant, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as AT&T accords the user of the **Target Telephones II** and **III**.

5. It is further ORDERED that the DEA compensate AT&T for reasonable expenses incurred in complying with any such request.

6. It is further ORDERED that this warrant, application, and the accompanying Affidavit submitted in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that copies of the warrant in full or redacted form may be maintained by the Commonwealth Attorney's Office, and may be served on Agents and other investigative and law enforcement officers, state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and AT&T as necessary to effectuate the warrant.

7. It is further ORDERED that AT&T, its affiliates, officers, employees, and agents not disclose this warrant or the underlying investigation, until notice is given as provided above.

8. It is further ORDERED that this warrant apply to any changed cellular telephone number subsequently assigned to the **Target Telephones II** and **III** within the period of this warrant.

DATED: 6/25/16

SUSAN SCHULTZ GIBSON
JEFFERSON COUNTY KENTUCKY CIRCUIT COURT JUDGE

_[signature]_
SIGNATURE