# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:16-CR-00082-CHB-LLK

**UNITED STATES OF AMERICA**                                                                      **PLAINTIFF**

**v.**

**ISMAEL GONZALEZ, et al.**                                                                     **DEFENDANTS**

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

This matter is before the Court upon the motion of Defendant Dante Dewayne Watts to suppress evidence (Docket # 236), to which the United States has responded in opposition (Docket # 252). The Court referred the motion to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636. (Docket # 261).

Defendant requests that the Court review *Carpenter v. United States*, 585 U.S. \_\_, 138 S. Ct. 2206, 201 L.Ed.2d 507 (2018) and *Riley v. California*, 573 U.S. \_\_,134 S. Ct. 2473, 189 L.Ed.2d 430 (2014), and set an evidentiary hearing and/or oral argument on the subject of the applicability of these cases, if any, to the facts of this case. Because *Carpenter* and *Riley* involved warrantless searches that the Supreme Court declared unconstitutional, and the searches in this case were pursuant to probable-cause warrants, these cases are inapplicable. Accordingly, the RECOMMENDATION will be that the Court DENY Defendant's motion to suppress (Docket # 236).

## DISCUSSION

In *Carpenter v. United States*, 585 U.S. \_\_, 138 S. Ct. 2206, 201 L.Ed.2d 507 (2018), the Supreme Court held that because "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI [cell-site location information]," the location information obtained from Carpenter's wireless carriers "was the product of a search." 138 S. Ct. at 2217. "Having found that the acquisition of Carpenter's CSLI was a search," the Supreme Court "also conclude[d] that the Government must generally obtain a warrant supported by probable cause before acquiring such

1

records," and that the showing made by the government to obtain a court order under the Stored Communications Act "falls well short of the probable cause required for a warrant." *Id.* at 2221.

In May and June of 2016, a Jefferson County Kentucky Circuit Court Judge signed sealed warrants that required Defendant's wireless carrier to allow Drug Enforcement Administration (DEA) agents to obtain Defendant's CSLI. (Docket # 252-1). The Judge found that "there is probable cause to believe that the Requested Information will constitute or lead to evidence of violations of KRS 218A, among other offenses, as well as to the identification of individuals who are engaged in the commissioner of these offenses." (*Id.* at 1).

In *Riley v. California*, 573 U.S. \_\_,134 S. Ct. 2473, 189 L.Ed.2d 430 (2014), the Supreme Court noted that the search-incident-to-arrest doctrine permits police officers to search a person in connection with a lawful arrest. *Id.* at 2482-83. The doctrine represents an exception to the general rule that the Fourth Amendment requires police to obtain a warrant supported by probably cause before conducting a search. *Riley* held that the search-incident-to-arrest exception does not extend to cell phones. *Id.* at 2494-95. Rather, police must obtain a warrant to search the contents of a cell phone seized during an arrest. *Id.*

In December 2016, a United States Magistrate Judge signed a search and seizure warrant allowing DEA agents to search the contents of 27 cellular telephones / tablets seized during the execution of federal search warrants in July 2016. The Magistrate Judge found that there was probable cause to believe that search of these items will reveal "evidence of narcotics and controlled substance distribution and money laundering." (Docket # 252-2, p. 42).

In his Motion to Suppress (Docket # 236), Defendant requests that the Court review *Carpenter* and *Riley* and set an evidentiary hearing and/or oral argument on the subject of the applicability of these cases, if any, to the facts of this case:

> 6. In recent discussions with the United States prosecutors on July 18, 2018, counsel discussed the recent rulings by the United States Supreme Court: *Carpenter v. United States*, and a prior ruling of the United States Supreme Court: *Riley vs. California* and their potential applicability to this case. Based on that discussion, in an abundance of caution, counsel for Mr. Watts, made a
2

decision to file this motion seeking this Court's opinion as to the applicability of these two United States Supreme Court Opinions.
…
9. The Defendant requests that this Court review this Motion and sited (*sic.*) opinions and set this matter for an evidentiary hearing and/or oral arguments by counsel after the filing of the Response Brief by the United States, relative to the exclusion of any and all evidence that the United States intends to offer at trial, seized from a cell tower location or from a cell phone without a search warrant supported by probable cause.

On October 1, 2018, the undersigned conducted a telephonic status conference on the pending motions in this case. (Docket # 263). Based on the United States' representation at the status conference that it has already provided Defendant an inventory of all information utilized to obtain the tracking (CSLI) warrant, the parties agreed that an evidentiary hearing on the motion to suppress is unnecessary and that the matter stands submitted on the briefs. (*Id.*).

In its response in opposition to the motion, the United States argued that *Carpenter* and *Riley* are inapplicable to the facts of this case because (unlike *Carpenter* and *Riley*) law-enforcement agents obtained warrants, based upon findings of probable cause, for all cell phone-related evidence. (Resp. at Docket # 252; copies of warrants at Docket # 252-1, 252-2). The United States further argued that, even if the warrants were unsupported by probable cause, in light of the agents' good-faith reliance on the warrants, the good-faith exception to the exclusionary rule applies.

Defendant has not replied to the United States' Response or otherwise indicated why the United States' position is incorrect or what purpose oral argument would serve. *See* Joint Local Criminal Rules for the Eastern and Western Districts of Kentucky (LCrR) 12.1(a) ("Except for routine motions – such as motions for an extension of time – a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it").

**RECOMMENDATION**

Because Defendant's Motion to Suppress is without merit for the reasons identified by the United States, the magistrate judge RECOMMENDS that the Court DENY Defendant's motion to suppress (Docket # 236).

October 22, 2018

**Lanny King, Magistrate Judge**
**United States District Court**

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(l)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

October 22, 2018

**Lanny King, Magistrate Judge**
**United States District Court**