UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                PLAINTIFF

v.                                                                                       CRIMINAL NO. 3:16-CR-00082-CHB

ISMAEL GONZALEZ (01)
**DANTE DEWAYNE WATTS  (2)**
 Henderson County Detention Center
 P.O. Box 979
 Henderson, KY 42419
OSCAR ARGUENTA (4)
CARLOS CATALAN (5)
JOLIE JOHNSON (7)                                                                                         DEFENDANT

## CO-DEFENDANT DANTE WATTS' PRETRIAL MEMORANDUM

Comes the Co-Defendant, Dante Dewayne Watts, by counsel, Frank Mascagni, III, and in compliance with the Court's Order (R. 305 ¶ 2, Page ID # 1854) to help the Court prepare for the trial beginning on July 15:

**(a) The statutes involved and elements of the offenses.**

Mr. Watts is charged in Counts 1, 2, 3-38, 39-43 of the Superseding Indictment (R. 118, Page ID # 304-305). Count 1 accuses Mr. Watts of conspiracy to possess with the intent to distribute heroin, methamphetamine, and cocaine, an offense under 21 U.S.C. §§ 846 and 841(b)(1)(A); a conviction under this statute requires proof that the defendant (1) agreed with other people to possess with the intent to distribute controlled substances and (2) knowingly and voluntarily joined the conspiracy. Count 2 alleges that Mr. Watts conspired to launder the proceeds of drug trafficking, a violation of 18 U.S.C. § 1956(h); this statute similarly requires proof that the defendant.

(1) agreed with other people to launder money and (2) knowingly and voluntarily joined the conspiracy.

Mr. Watts is also charged in Courts 3-38 (Laundering of Monetary Instruments) and in Counts 39-43 (Laundering of Monetary Instruments) per Title 18 USC 1956(a)(1)(B(i) and 2 and 1957(a).

**Laundering of Monetary Instruments (18 U.S.C. § 1956(b)(1)(B)(i))**

(1)    Counts 3 through 38 of the indictment charge the defendant with conducting and attempting to conduct financial transactions in violation of federal law. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

  (A)  First, that the defendant conducted or attempted to conduct a financial transaction.
  (B)  Second, that the financial transaction involved property that represented the proceeds of possession with the intent to distribute controlled substances.
  (C)  Third, that the defendant knew that the property involved in the financial transaction represented the proceeds from some form of unlawful activity.
  (D)  Fourth, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of possession with the intent to distribute controlled substances.

(2)  Now I will give you more detailed instructions on some of these terms.

  (A)  the term "financial transaction" means
    (1)  a transaction which in any way or degree affects interstate or foreign commerce and involves either
      (i)  the movement of funds by wire or other means or
      (ii) one or more monetary instruments, or
      (iii) the transfer of title to any real property, vehicle, vessel, or aircraft, or
    (2)  a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;
  (B)  The term "financial institution" means [insert definition from 31 U.S.C. § 5312(a)(2) or regulations].
  (C)  The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.
  (D)  The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.
  (E)  The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a

     felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Source**: 18 U.S.C. § 1956(a)(1)(B); Sixth Circuit Pattern Jury Instructions § 11.02 (2019).

## Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (18 U.S.C. § 1957)

(1) Counts 39-43 of the indictment charge the defendant with engaging or attempting to engage in a monetary transaction in violation of federal law. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that the defendant knowingly engaged or attempted to engage in a monetary transaction.

    (B) Second, that the monetary transaction was in property derived from specified unlawful activity.

    (C) Third, that the property had a value greater than $10,000.

    (D) Fourth, that the defendant knew that the transaction was in criminally derived property.

    (E) Fifth, that the monetary transaction took place within the United States.

(2) Now I will give you more detailed instructions on some of these terms.

    (A) The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution, including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title, but such term does not include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution.

        (i) The term "monetary instrument" means: coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery;

        (ii) The term "financial institution" means [insert definition from 31 U.S.C. § 5312(a)(2) or regulations].

        (iii) The term "financial transaction under section 1956(c)(4)(B)" means a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;

  (B) The term "specified unlawful activity" includes the manufacture, importation, sale, or distribution of a controlled substance.

  (C) The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Source:** 18 U.S.C. § 1957; Sixth Circuit Pattern Jury Instructions § 11.06 (2019).

### (b) A proposed statement of the case suitable for reading to the prospective jurors during voir dire, and a separate statement of disputed facts.

It is alleged that defendant Dante Watts agreed with other defendants in this case to distribute heroin, cocaine, and methamphetamine in the Western District of Kentucky during a two-month period in mid-2016. Mr. Watts allegedly helped transport drug transaction funds between other members of the trafficking conspiracy. Mr. Watts adopts the United States' statement of disputed facts.

### (c) A separate statement of each unresolved substantive issue of law.

Mr. Watts is aware of a unresolved substantive issue of law: The defendant submits to this Court that the drug charges and conspiracy charge should be severed from the laundering of monetary instruments charges. If unsevered the remaining co-defendants will be subjected to the Government's alleged proof of monetary transactions that they are not charged with in the superseding indictment.

Defendant Dante Watts' indictment sets out two conceptually distinct groups of charges. Defendant Watts asks the Court to sever the two groups of charges: they are mis-joined in the indictment in violation of Fed. R. Crim. P. 8(a) or, in the alternative, should be given a separate trial under Fed. R. Crim. P. 14 to prevent unfair prejudice.

The questions of improper joinder under Rule 8(a), and prejudicial joinder under Rule 14, present analytically different issues. As explained by the Sixth Circuit in *United States v. Chavis*,

296 F.3d 450, 456 457 (6th Cir. 2002), a claim of misjoinder under Rule 8(a) asserts a fundamental illegality in the indictment's combination of offenses in one charging document; a claim of prejudicial joinder under Rule 14 contends that the grouping of charges, though legally proper, would cause such prejudice that the court, in its discretion, should separate the offenses to assure the defendant a fair trial. Both principles are discussed in turn below.

Federal law permits the joinder of offenses in a single indictment under three circumstances only: when the offenses "[1] are of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." Rule 8(a). The propriety of joinder is determined by evaluating "the allegations on the face of the indictment," and if the indictment's grouping of charges fails to satisfy the requirements of Rule 8(a), there is a "misjoinder as a matter of law" and "the district court has no discretion on the question of severance." *Chavis*, 296 F.3d at 456.

The drug and conspiracy charges in Counts 1-2 satisfy none of the requirements listed in Rule 8(a) in contrast to the monetary laundering charges in 3-38 and 39-43. They are not of "the same or similar character", rather, they are a wholly distinct type of offense, requiring proof of elements unique to those charges. *See Chavis*, 296 F.3d at 458. The drug/conspiracy allegations are not "based on the same act or transaction" as the alleged financial crimes.

The conspiracy/drug charges versus the money laundering allegations are dissimilar in the indictment. Counts 1-2 are therefore improperly joined in the indictment vs Counts 3-38 and 39-43, and must be severed under the mandate of Rule 8(a).

Even offenses properly combined in an indictment under Rule 8(a) may be severed if the court, in its discretion, concludes that a joint trial of the offenses will prejudice the defendant. Fed. R. Crim. P. 14; *Chavis*, 296 F.3d at 457; *United States v. Jacobs*, 244 F.3d 503, 506 (6th Cir. 2001).

Whether severance is appropriate under Rule 14 hinges often on a determination that the evidence of the first crime will, or will not, be admissible in the trial of the other offense. *See Jacobs*,

244 F.3d at 507. If each offense is distinct, and evidence about one crime would be inadmissible in a trial of the other crime, severance is an appropriate remedy, *see id.*, particularly if the proof of one charge threatens to influence the jury to render a guilty verdict on the other charges.

That, of course, is the signal defect and danger in the current indictment's joinder of the charges.

The Court should exercise its discretionary power under Rule 14 and conduct a separate trial for the drug/conspiracy allegations in Counts 1-2 from the financial crimes contained in Counts 3-38 and 39-43.

### (d) A statement of evidentiary issues it is reasonably believed will be raised at trial.

Mr. Watts is unaware of any evidentiary issues likely to be raised at trial.

### (e) A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

Mr. Watts is unaware of any potential trial problems likely to arise during the proceedings. It is anticipated that the United States will attempt to introduce intercepted telephone conversations and counsel for Mr. Watts assumes the government will introduce the original versions of any conversations they intend to introduce.

### (f) Proposed substantive and special jury instructions.

Mr. Watts hereby adopts the filed proposed jury instructions previously in this matter by his co-defendant Jolie Johnson (*see* R. 243, Page ID # 1542-1567) and those tendered by Rob Eggert on behalf of his client, Ismael Gonzalez (docket no. 314), and adopt the proposed jury instructions of Carlos Catalan filed on July 13, 2018 by attorney Christie A. Moore.

### (g) Proposed voir dire questions.

Mr. Watts adopts the voir dire questions submitted by the other parties specifically filed on behalf of Carlos Catalan by counsel Christie A. Moore on July 13, 2018 (docket no. 231).

### CODEFENDANT DANTE WATTS' MOTION FOR A COURT ORDER DIRECTED TO HENDERSON COUNTY DETENTION CENTER TO ALLOW THE DEFENDANT ACCESS TO THE COMPUTER SO THAT HE CAN REVIEW THE DISCOVERY DISCS PROVIDED TO HIM

Prior to this Court substituting as presiding District Court Judge, Dante Watts raised the issue of denial of access to the discovery discs and the computer at Henderson County Detention Center. In a conversation counsel had today with Mr. Dante Watts, advised attorney Mascagni that the denial of access to the computer has continued to be a problem.

The Defendant advises he has filed written complaints with the jail officials and has received a response in writing which will be tendered in open Court tomorrow wherein the jail official states that he will not have access to a computer to review the discs provided by the Government in the multiple waves of discovery since this case has been pending.

Attorney Mascagni was also advised today that unbeknownst to counsel that his client sent a written *ex parte* letter to this Court in late March 2019 once again complaining of non-accessibility to his discovery.

Wherefore, the Defendant and his counsel ask that the Court direct an Order to the officials at the Henderson County Detention Center asking that they accommodate the Defendant's request to have access to a computer. As this Court knows, this case is set for trial less than four weeks away.

Respectfully submitted,

   /s/ Frank Mascagni, III
Frank Mascagni, III
Attorney at Law
228 South Seventh Street
Louisville KY  40202
(502) 583-2831
Fax: (502) 583-3701
Email: frankmascagniiii@hotmail.com
*Counsel for Co-Defendant,*
*Dante Dewayne Watts*

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed on this the 19th day of June, 2019 using the ECF system which will notify Robert B. Bonar and Amy Sullivan, AUSA.

   /s/ Frank Mascagni, III
Counsel for Defendant Watts