UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3:16-CR-082-CHB |
| ) | |
| v. ) | |
| ) | **ORDER DENYING DEFENDANT'S** |
| DANTE DEWAYNE WATTS (02) ) | **MOTION TO SUPPRESS** |
| CARLOS CATALAN (05), ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Dante Watts's Motion to Suppress Any And All Evidence Directly Or Indirectly Searched And Seized During The Course Of A Search Warrant Served At 12600 Blackthorn Trace, Louisville, Jefferson County, Kentucky 40299 On July 8, 2016 [R. 400]. Defendant Watts asks the Court to suppress evidence seized from the United States' search of a Louisville residence, arguing that the affidavit submitted in support of the warrant failed to establish probable cause, and that the good-faith exception to the exclusionary rule is inapplicable. [*Id.*] Defendant Watts fails to articulate why the warrant lacked probable cause, and instead files the warrant and a 2000 opinion from a different case in the Southern District of Indiana as support for his Motion, without any analysis or explanation for how the opinion relates to this matter. [*Id.*]

Even more, Defendant Watts's motion is untimely. Watts filed this Motion on October 2, 2019, though this case has been pending for years. The Court has addressed numerous motions to suppress in this case [R. 149; 223; 236; 255], including one filed by Defendant Watts [236], and another in which he joined in the motion [R. 149; 160]. The first was filed over two years ago [R. 149]. The Court ruled on the most recent motion to suppress over nine months ago [R. 289]. Giving Defendant Watts the benefit of the most generous interpretation of the Court's deadlines, given the

most recent trial continuance, the motion to suppress was due no later than September 11, 2019, five weeks before the trial date [R. 72 p. 4; R. 289 p. 3]. Now, two weeks before trial, and three weeks past the deadline, Defendant Watts files this Motion.

Rule 12(c)(3) provides that "[if] a party does not meet the deadline for making a [motion to suppress evidence], the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Good cause is "a flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12 advisory committee's notes to 2014 amendments. "[S]howing cause often requires developing and analyzing facts to assess whether the defendant can justify the late filing . . . and prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 338 (6th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Edmond*, 815 F.3d 1032, 1043 (6th Cir. 2016)). In other words, good cause requires a showing of cause and prejudice. *Edmond*, 815 F.3d at 1044 (citing *Davis v. United States*, 411 U.S. 233, 243–45 (2016)). At the very least, a party must "articulate some legitimate explanation for the failure to timely file." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010). Defendant Watts failed to articulate any reason at all for missing the filing deadline by weeks (if not months). As such, the Court finds that Watts has not shown good cause for his untimely motion. Having reviewed the Motion and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. The Court **DENIES** Defendant Watts's Motion to Suppress **[R. 400]**.

This the 7th day of October, 2019.

*/s/ Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:   Counsel of Record