UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3:16-CR-082-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF FINAL** |
| DANTE DEWAYNE WATTS (02) ) | **PRETRIAL CONFERENCE** |
| CARLOS CATALAN (05), ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A final pretrial conference was held in this matter on December 5, 2019, before the Honorable Claria Horn Boom, United States District Judge. The following counsel participated in the status conference.

    For the United States:

        Amy M. Sullivan

        Robert Bonar

    For the Defendants:

        Dante Dewayne Watts      Frank Mascagni, III, retained

        Carlos Catalan                Christie A. Moore, appointed

The Court and counsel discussed the procedural posture of the case. The matter remains set for trial on Tuesday, December 10, 2019. The United States indicated that it needed six days to present its case, and Defendants needed approximately one day each to present theirs. The Parties agreed that bifurcating the guilt phase of trial from any applicable penalty phase related to the potential sentence enhancement under 28 U.S.C. § 841(b)(1)(A) was appropriate. The Parties

moved the Court to bifurcate, and the Court granted the motion. The Parties agreed that the previous agreed upon severance of charges mooted any prior motions to sever. The Parties also discussed any potential stipulations, and Defendants indicated that they agreed that one chemist could testify as to the lab results performed by two other chemists.

**Pending Motions**

<u>Defendant Catalan's Motion in Limine [396]</u>

Defendant Catalan moved to exclude any evidence regarding geolocation technology due to the United States failing to tender an expert witness [R. 396]. Defendant Watts filed a Motion to Join in the Motion [R. 400]. Defendants challenge the qualifications of United States' expert witness Christopher Keyros. They also appear to challenge the reliability of the geolocation technology under *Daubert*. Defendant Catalan expressed concern that Keyros would testify that phone records, generated by pings off cell towers, would determine Defendants' location at precise locations (longitude and latitude), while the technology may not allow for such accuracy. The United States indicated that Keyros would testify as to the location provided by the phone records, including the error range, which would indicate the limitations of the technology. While courts have accepted cell-site analysis in the past, they have done so with some reservations, particularly regarding the degree of specificity as to the location. *See, e.g., United States v. Hill*, 818 F.3d 289, 297 (7th Cir. 2016). However, much of this caselaw regards *historical* cell-site analysis. As the records in this case relate to emails automatically generated every fifteen minutes, it is not clear whether this is historical cell-site analysis or real-time cell site data. *See United States v. Medley*, 312 F. Supp. 3d 493, 500–01 (D. Md. 2018); Aaron Blank, *The Limitations and Admissibility of Using Historical Cellular Site Data to Track The Location of A Cellular Phone*, 18 Rich. J. L. & Tech. 3, 5 (2011). Accordingly, the Parties shall submit supplemental briefs on the issue of the United States' proposed geolocation expert testimony that

shall cover each of the requirements under Fed. R. Evid. 702 (qualifications, relevance, and reliability) with proper citations to case law, by **Monday, December 9, 2019, at 10:00am**. Specifically, the Parties shall brief the reliability of such cell-site technology and its degree of accuracy under Rule 702 and *Daubert*.

<u>United States' Motion in Limine [R. 324]</u>

The Parties discussed the United States' pending Motion in Limine [R. 324]. The Court previously granted the motion in part [R. 402 pp. 3–4]; eliciting testimony about potential sentences that Defendants Watts and Catalan face is inappropriate. *See U.S. v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999). Notwithstanding this ruling, the Court agreed with Defendants that in the event any co-defendants testify, defense counsel may inquire on cross-examination about the terms of any potential plea agreement or cooperation agreement.

The United States also sought to exclude any comments regarding the flight of Co-Defendant Cruz or the absence of any other co-defendants or uncharged co-conspirators, citing the Sixth Circuit Pattern Jury Instructions that such comments are not permissible. While the Court may ultimately instruct the jury that such considerations are inappropriate, the United States cites no law that requires a prohibition on the front end. As such, the Court will deny the United States' Motion in part with respect to the second and third issues without prejudice.

<u>Defendant Watts's Motion in Limine [R. 427]</u>

Defendant Watts moved to exclude evidence given to him on October 10, 2019 as untimely given the Court's discovery orders. [R. 427] This evidence included a gun function report and Defendant Watts's certified Indiana records on his release date from a prior Indiana conviction. The United States responded that it does not intend to introduce the gun function report and thus the motion is moot. [R. 429] The United States indicates that it provided Defendant Watts the information regarding his Indiana records numerous times previously,

including through the Pretrial Services Report which he received on July 7, 2016. [R. 429 p. 2] Defendant Watts also presumably knows his own date of release from custody from the prior Indiana conviction. Moreover, he was sent copies of his relevant criminal history records on August 17, 2017, on July 26, 2018, and on July 9, 2019. [*Id.*] The only difference between the copy sent on July 9, 2019 and the copy Watts claims is untimely is that the most recent copy is certified. Defendant Watts has indicated no prejudice he suffered from not being provided the *certified* record, and the Court finds no prejudice has occurred, particularly since he has had the certified record for two additional months given the recent trial continuance. Nor has he argued any bad faith on the part of the United States. Given that exclusion of evidence is not a preferred remedy under Fed. R. Crim. P. 16(d)(2), and Defendant has suffered no prejudice, the Court denies Defendant Watts's Motion.

Based on the discussion during the conference, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The jury trial remains as scheduled for **December 10, 2019**. The Parties shall be ready to proceed by **8:30am**.

2. The trial shall be bifurcated with respect to Defendant Watts and Count I of the Second Superseding Indictment [R. 344 pp. 1–2]. The Parties are **ORDERED** to submit a redacted indictment to the Court by **Monday, December 9, 2019**, at **10:00am**, in light of the bifurcation of the guilt phase from any applicable penalty phase relating to a statutory enhancement under 21 U.S.C. § 841(b)(1)(A) at trial.

3. The Court withholds ruling on Defendant Catalan's Motion in Limine regarding the geolocation expert evidence. The Parties are **ORDERED** to submit supplemental briefs on the issue of the United States' proposed geolocation expert

- 5 -

testimony that shall cover each of the requirements under Fed. R. Evid. 702 (qualifications, relevance, and reliability) with proper citations to case law, by **Monday, December 9, 2019, at 10:00am**. Specifically, the Parties shall brief the reliability of such cell-site technology and its degree of accuracy under Rule 702 and *Daubert*.

    4.    The United States' Motion in Limine [R. 324] is **DENIED IN PART without prejudice** as to arguments two and three, comments regarding the flight of Defendant Cruz, and comments about absent co-defendants or uncharged co-conspirators.

    5.    For the reasons stated above and on the record, Defendant Watts's Motion in Limine [R. 427] is **DENIED**.

    6.    The Parties are **ORDERED** to submit their stipulation regarding the testimony of United States' chemist (and any other stipulations they may agree upon) by **Monday**, **December 9, 2019,** at **10:00am**.

December 5, 2019

*[Signature: Claria Horn Boom]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc:    Counsel of Record
       United States Probation

Court Time: 01/15
Court Reporter: Becky Boyd