UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
KENTUCKY AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                       CRIMINAL NO. 3:16-CR-00082-CHB

**DANTE DEWAYNE WATTS  (2)**
Oldham County Detention Center
3405 KY-146
LaGrange, KY 40031

CARLOS CATALAN (5)                                                   DEFENDANTS

## CO-DEFENDANT'S BRIEF TO EXCLUDE EVIDENCE OF "UNEXPLAINED INCOME"

Comes the Co-Defendant, Dante Watts, by counsel, Frank Mascagni, III, and hereby moves this Court to exclude evidence that he had access to substantial unexplained income between 2014 and 2016.

As the Court is aware, during the trial the United States will seek to offer evidence at trial concerning income of Mr. Watts between 2014 and 2016.  The Defendant, Mr. Watts, has lodged an objection to the admissibility of such evidence during this trial.

The United States has filed its brief in support of admission this morning, Friday, December 13, 2019.  The Defendant hereby files his response to the Government's brief.

## SECOND SUPERSEDING INDICTMENT

On July 2, 2019, the grand jury returned a second superseding indictment against Dante Watts.  Mr. Watts is charged as follows:

1. Conspiracy to possess with intent to distribute beginning May 3, 2016 through July 8, 2016.

2. Possession of a firearm in furtherance of a drug trafficking crime.

3. Conspiracy to launder monetary instruments in violation of Title 18, United States Code, Section 1956. This Count alleges that the Defendant decided on a price for drugs and that Defendant Watts directed "…J.J. to deliver approximately $400,000 in her possession to Gonzales" and that "…J.J. delivered the currency to a location specified by Gonzales" on or about July 2, 2016.

4. Attached herewith is Government **Exhibits 99 and 100** which the United States intends to show to the jury during this part of the trial. The Defendant objects on several grounds:

 a. The exhibit is styled "Watts & Johnson Total Income Reported 2014 – 2016". Johnson is a co-defendant in the case that has already been resolved by plea agreement. She is not before the Court during this pending trial.

 b. The crime alleged occurred on July 1, 2016. The Government wants to introduce financial testimony for 2014, 2015 and 2016 (the defendant was arrested on July 2, 2016 and has been in custody for the last three and a half years).

 c. The Defendant is not charged with a tax law violation in this indictment.

## ARGUMENT

As an abstract matter, proof that a defendant spent more money than he legitimately earned during the relevant period allows an inference that the amount in excess of legitimate earnings was derived from illegal activity. *See, e.g., United States v. Cobbs*, 233 Fed. Appx. 524, 538 (6th Cir. 2007). In this case, the exhibit shows that the Defendant had significant cash purchases from the casinos. It appears obvious that not only is he a professional gambler but apparently is profitable when he gambles.

The government's evidence in Mr. Watts's case, though, demonstrates a different proposition: that Mr. Watts *had* more money than he *spent* in 2014-2016. The government's "proof" that Mr. Watts's funds were not from a legitimate source.

However, the exhibit shows that apparently the majority of the income were proceeds from gambling casinos. Having money without reporting it to the government for tax purposes may well be a tax crime (assuming the money is taxable income), but it is not proof that the money itself is ill-gotten; people conceal legitimate income from the tax authorities very frequently. *Spending* more money than one has lawfully *earned* is not proof supporting the inference that the money came from an illegal source; *having* more money than one has lawfully *reported* to the Internal Revenue Service is possibly a tax crime, but not evidence that the person is selling drugs or engaging in criminal activity.

Thus the funds in the government's evidence cannot properly be understood as "unexplained wealth," only as *unreported* wealth. This is the same as asking the jury to take a bad act – tax evasion, or failure to file a tax return – and infer that the bad act is proof of some incriminating fact other than bad character; in other words, it is FRE 404(b) evidence. The government did not give pretrial notice of its intent to offer proof under that rule, however. Moreover, this evidence is exactly the sort that the Sixth Circuit had in mind when it observed that, "[a]s a general rule, this Court frowns on the admission of income tax returns in narcotics cases where the government has not charged the defendant with both narcotics and tax law violations." *United States v. Layne*, 192 F.3d 556, 574 (6th Cir. 1999). The proof does little more than suggest Mr. Watts cheated on his taxes, and its unfair prejudice therefore substantially outweighs its dubious probative value, rendering the evidence inadmissible. FRE 403.

The tax and gambling evidence is extensive, and its introduction will require testimony from one or more experts. This will result in a long side trip into evidence about the Defendant gambling at various casinos and the proper completion of IRS forms and much else, a confusing and time-consuming journey for the jury that will in the end yield little or nothing of probative value. The government claims Mr. Watts was a drug dealer and that his money was drug money; the

government's proof of this conduct, such as it is, will take quite long enough to introduce without stopping for superfluous testimony about tax filings and gambling trips. Such testimony will only result in "confusing the issues, misleading the jury, undue delay, wasting time, [and] needlessly presenting cumulative evidence," and should therefore be excluded under Rule 403.

> Rule 403. Excluding Relevant Evidence for Prejudice, Confusion,
> Waste of Time, or Other Reasons

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## **CONCLUSION**

The Defendant opposes the Government's use of Exhibits 99 and 100 and asks that this Court exclude them. The Defendant submits that his finances show that the proceeds were from lawful gambling and not from the proceeds of drug trafficking. Hence, he has a factual defense to the charge of Conspiracy to Launder Monetary Instruments. Because he was successful in his gambling at local casinos does not prove that the cash was from an illegal drug transaction. In fact, it can be argued just the opposite.

Respectfully submitted,

  /s/ Frank Mascagni, III
Frank Mascagni, III
Attorney at Law
228 South Seventh Street
Louisville KY  40202
(502) 583-2831
Fax: (502) 583-3701
Email: frankmascagniiii@hotmail.com
*Counsel for Co-Defendant,*
*Dante Dewayne Watts*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this pleading was filed on this the 13TH day of December, 2019 using the ECF system which will notify Robert B. Bonar, Amy Sullivan, AUSA and all counsel in this matter.

                                                                /s/ Frank Mascagni, III
                                                           Counsel for Defendant Watts