UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:16CR-82-CHB |
| DANTE WATTS<br>CARLOS CATALAN | DEFENDANTS |

**REPLY BRIEF IN SUPPORT OF ADMISSION OF EVIDENCE
OF DEFENDANT'S EXPENDITURE CHART
AND NOTICE OF REVISED SUMMARY CHART**

In reply to defendant Watts' brief in support of his trial motion to exclude the summary charts (DN 449), the United States states as follows:

As stated on the record during trial, the United States intends to introduce the expenditure chart (Exhibit 99) only. Furthermore, at the Court's request, the United States revised this chart (attached hereto). This chart removes all reference to Jolie Johnson in the calculation of the summary chart, which required adjustment to the figures under reported income, cash withdrawals, properties, cash/account seized and to expenditure amounts. The cash seized category was revised to make clear that this amount came from cash and account seizures and is limited to only what Dante Watts filed a claim to in the related civil forfeiture action. The only change to the underlying documents exhibits would be deletion of Jolie Johnson's records and the addition of the claim that Dante Watts filed (which was provided to him long ago and included in all exhibit lists).

The United States provided summaries and the underlying records that support those summaries to Mr. Watts over two (2) years ago. Shortly after the last trial was continued, the United States advised Mr. Watts that it would still seek admission of two of the summaries (expenditures and unexplained income) during trial of Counts 1 through 3. Mr. Watts waited until

the eve of trial to complain about the summaries.  As stated before, the United States intends only to introduce the revised summary exhibit attached hereto.

In his brief, defendant asks the Court to exclude the summary, in part, because defendant states "his finances show that the proceeds were from lawful gambling and not from the proceeds of drug trafficking." (DN 449  Watts' Brief at 4).  He states further that "he has a factual defense to the charge of Conspiracy to Launder Monetary Instruments" and "(b)ecause he was successful in his gambling at local casinos does not prove that the cash was from an illegal drug transaction." (Id.).  In addition to the authority and argument already provided in the United States' brief, Mr. Watts' defense makes the summary chart even more relevant and essential to the government's case.

Mr. Watts also complains that the introduction of the summary would be time consuming and confusing to the jury.  (Id. at 3).  The United States will only call one witness (IRS Special Agent Stansfield) to testify, which is anticipated to last about thirty to forty-five minutes.  The summary simply involves a calculation of what Mr. Watts has reported to the I.R.S. and what he has "spent" or had at his disposal during 2014 through 2016.  The admissibility of such evidence in cases where drug trafficking and money laundering are at issue is well-established and supported by the case law of the Sixth Circuit and others.  Moreover, his defense puts this evidence squarely at issue in this case.

        Respectfully submitted,

        RUSSELL M. COLEMAN
        United States Attorney

         s/ Amy M. Sullivan
        Amy M. Sullivan
        Assistant U.S. Attorney
        717 West Broadway
        Louisville, Kentucky  40202

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 15, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

                                      *s/ Amy M. Sullivan*
                                      Amy M. Sullivan
                                      Assistant U.S. Attorney