UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**FILED**
VANESSA L. ARMSTRONG, CLERK

DEC 19 2019

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:16-CR-082-CHB |
| | ) | |
| v. | ) | |
| | ) | **JURY INSTRUCTIONS** |
| DANTE DEWAYNE WATTS | ) | |
| CARLOS CATALAN, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

**Introduction - 1.01**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## INSTRUCTION NO. 1 - 1.02

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during this case. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2 - 1.03

As you know, the defendants have pleaded not guilty to the crimes charged in the second superseding indictment. The second superseding indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that each is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3 - 1.04

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 4 - 1.05**

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to a defendant.

**INSTRUCTION NO. 5 - 1.06**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6 - 1.07

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness

was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7 - 1.08

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**INSTRUCTION NO. 8 - 1.09**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the second superseding indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 9 - 2.01D

Both defendants have been charged in Count 1, and Defendant Watts has also been charged with additional crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

Count 1 of the second superseding indictment charges the defendants with conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, methamphetamine, a mixture or substance containing a detectable amount of cocaine, and a mixture or substance containing a detectable amount of fentanyl.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)  First: That two or more persons conspired, or agreed, to possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, methamphetamine, a mixture or substance containing a detectable amount of cocaine, or a mixture or substance containing a detectable amount of fentanyl.

(B)  Second: That the defendants knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

(A)  With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, methamphetamine, a mixture or substance containing a detectable amount of cocaine, or a mixture or substance containing a detectable amount of fentanyl.

(1)  This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(2)  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, methamphetamine, a mixture or substance containing a detectable amount of cocaine, or a mixture or substance containing a detectable amount of fentanyl.  This is essential.

(3)  An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B)    With regard to the second element—the defendant's connection to the conspiracy—the government must prove that the defendants knowingly and voluntarily joined that agreement.

(1)  The government must prove that the defendants knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help

14

advance or achieve its goals. You must consider each defendant separately in this regard.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) Further, this does not require proof that the defendant knew the drug involved was heroin, cocaine, methamphetamine, or fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much heroin, cocaine, methamphetamine, or fentanyl was involved. It is enough that the defendant knew that some quantity was involved.

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's

main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(6) The phrase "possess" means actual or constructive possession. The government does not necessarily have to prove that the defendant physically possessed the controlled substances for you to find him guilty of this crime. The law recognizes two kinds of possession, actual and constructive possession. Either one of these, if proved by the government, is enough to convict. To establish actual possession, the government must prove that the defendant had direct, physical control over the controlled substances, and knew that he had control of it. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the controlled substances, and knew that he had this right, and that he intended to exercise physical control over the controlled substances at some time, either directly or through other persons.

(7) The phrase "intent to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge in Count 1.

## INSTRUCTION NO. 11 - 14.07B

The defendants are charged in Count 1 of the second superseding indictment with conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, methamphetamine, a mixture or substance containing a detectable amount of cocaine, and a mixture or substance containing a detectable amount of fentanyl. If you find a defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 1 kilogram or more of a mixture or substance containing a detectable amount of heroin was attributable to defendant as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 100 grams of a mixture or substance containing a detectable amount of heroin was attributable to defendant as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 50 grams of methamphetamine was attributable to defendant as

the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 5 grams methamphetamine was attributable to defendant as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine was attributable to defendant as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 500 grams of a mixture or substance containing a detectable amount of cocaine was attributable to defendant as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity 400 grams or more of a mixture or substance containing a detectable amount of fentanyl was attributable to defendant as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 40 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to defendant as the result of his own conduct and the conduct of other co conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

**INSTRUCTION NO 12 - 12.03**

Count 2 of the second superseding indictment charges Dante Dewayne Watts with violating federal law by possessing a firearm in furtherance of a drug trafficking crime.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)　　First: That the defendant committed the crime charged in Count 1. Conspiracy to possess with intent to distribute controlled substances is a drug trafficking crime which may be prosecuted in a court of the United States.

(B)　　Second: That the defendant knowingly possessed a firearm.

(C)　　Third: That the possession of the firearm was in furtherance of the crime charged in Count 1.

Now I will give you more detailed instructions on some of these terms.

(A)　　The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(B)　　The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(C)　　The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 1. In deciding whether the firearm was possessed to advance or promote the crime charged in Count 1, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 13 - 2.10

Next, I want to explain something about possession. The government does not necessarily have to prove that Dante Dewayne Watts physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

**INSTRUCTION NO. 14 - 3.01A**

Count 3 of the second superseding indictment accuses Dante Dewayne Watts of a conspiracy to commit the crime of money laundering in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) <u>First</u>: That two or more persons conspired, or agreed, to commit the crime of money laundering.

(B) <u>Second</u>: That the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

While the United States need not prove that the defendant actually committed money laundering (it need only prove the elements of conspiracy set out above), the elements are as follows:

(A) First, that the defendant or someone in the conspiracy conducted or attempted to conduct a financial transaction.

(B) Second, that the financial transaction involved property that represented the proceeds of the illegal sale or distribution of controlled substances.

(C) Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(D) Fourth, that the defendant had the intent to promote the carrying on of the illegal sale or distribution of controlled substances.

Now I will give you more detailed instructions on some of these terms.

(A) The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

(B) The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

(C) The word "proceeds" means any property derived from, obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

(D) The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 15 - 3.02

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of money laundering.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of money laundering. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 16 - 3.03

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that Dante Dewayne Watts knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**INSTRUCTION NO. 17 - 3.06**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## INSTRUCTION NO. 18 – 3.07

Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in Kentucky. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the acts in furtherance took place here in Kentucky.

Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

## INSTRUCTION NO. 19 - 2.04

Next, I want to say a word about the date mentioned in the second superseding indictment.

The second superseding indictment charges that Counts 1 and 2 happened "on or about" May 3, 2016 and continuing to on or about July 8, 2016. The second superseding indictment charges that Count 3 happened "in or about and between" May 2016 and July 2016. The government does not have to prove that each crime happened on those exact dates. But the government must prove that each crime happened reasonably close to those dates.

**INSTRUCTION NO. 20 - 2.08**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**INSTRUCTION NO. 21 - 2.12**

Although the second superseding indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

**7.01**

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

**INSTRUCTION NO. 22 - 7.02A**

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove a defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 23 - 7.03

You have heard the testimony of Special Agent Elvey, who testified as an opinion witness.

You do not have to accept Special Agent Elvey's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 24 - 7.03A

You have heard the testimony of Mr. Capelli, Lt. Keyros, Special Agent Sanders, Special Agent Traud, and Detective Evans, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept the witnesses' opinions. In deciding how much weight to give them, you should consider the witnesses' qualifications and how they reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 25 – 7.12**

During the trial you have seen counsel use summaries and charts which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

**INSTRUCTION NO. 26 - 7.12A**

During the trial you have seen or heard summary evidence in the form of a chart and calculations. These summaries were admitted in evidence, in addition to some of the material they summarize.

**INSTRUCTION NO. 27 - 7.17**

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the English transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The English recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

But in this case, we also have recorded conversations in Spanish, which were transcribed into English. These transcripts are in fact evidence.

**INSTRUCTION NO. 28 - 7.19**

I have decided to accept as proved the fact that the counties listed in the indictment are within the Western District of Kentucky, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

**8.01**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 29 - 8.02

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**INSTRUCTION NO. 30 - 8.03**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## INSTRUCTION NO. 31 - 8.04

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 32 - 8.05

If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved a defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 33 - 8.06**

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**INSTRUCTION NO. 34 - 8.08**

Remember that the defendants are only on trial for the particular crimes charged in the second superseding indictment. Your job is limited to deciding whether the government has proved the crimes charged beyond a reasonable doubt.

**INSTRUCTION NO. 35 - 8.09**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 36 - 8.10**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:16-CR-082-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| DANTE DEWAYNE WATTS | ) | **VERDICT FORM** |
| | ) | |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

We, the jury, unanimously find:

## Count 1

Question 1.  With respect to the charge in Count 1 of the second superseding indictment for conspiracy to possess with intent to distribute controlled substances, we find the defendant Dante Dewayne Watts:

Guilty _____          Not Guilty _____

      If you answered guilty in response to Question 1, proceed to Questions 1(a)-(d).

      If you answered not guilty in response to Question 1, skip Questions 1(a)-(d) and proceed to the next count.

Question 1(a).  With respect to Count 1, the amount of the mixture or substance containing a detectable amount of heroin that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

      _____1000 grams (1 kilogram) or more

      _____100 grams or more but less than 1000 grams (1 kilogram)

      _____ less than 100 grams

Proceed to Question 1(b).

Question 1(b).  With respect to Count 1, the amount of the methamphetamine that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____50 grams or more

_____5 grams or more but less than 50 grams

_____ less than 5 grams

Proceed to Question 1(c).

Question 1(c).  With respect to Count 1, the amount of the mixture or substance containing a detectable amount of cocaine that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____5000 grams (5 kilograms) or more

_____500 grams or more but less than 5000 grams (5 kilograms)

_____ less than 500 grams

Proceed to Question 1(d).

Question 1(d).  With respect to Count 1, the amount of the mixture or substance containing a detectable amount of fentanyl that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):


_____400 grams or more

_____40 grams or more but less than 400 grams

_____ less than 40 grams

## Count 2

With respect to Count 2 in the second superseding indictment for possessing a firearm in furtherance of a drug trafficking crime, we find the defendant Dante Dewayne Watts:

Guilty _____          Not Guilty _____

## Count 3

With respect to Count 3 in the second superseding indictment for conspiracy to launder monetary instruments, we find the defendant Dante Dewayne Watts:

Guilty _____          Not Guilty _____

DATE _____                          _____
                                              FOREPERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:16-CR-082-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS CATALAN, | ) | **VERDICT FORM** |
| | ) | |
| Defendant. | ) | |

***   ***   ***   ***

We, the jury, unanimously find:

### Count 1

Question 1. With respect to the charge in Count 1 of the second superseding indictment for conspiracy to possess with intent to distribute controlled substances, we find the defendant Carlos Catalan:

Guilty _____        Not Guilty _____

       If you answered guilty in response to Question 1, proceed to Questions 1(a)-(d).

       If you answered not guilty in response to Question 1, disregard Questions 1(a)-(d).

Question 1(a). With respect to Count 1, the amount of the mixture or substance containing a detectable amount of heroin that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

       _____1000 grams (1 kilogram) or more

       _____100 grams or more but less than 1000 grams (1 kilogram)

       _____ less than 100 grams

Proceed to Question 1(b).

Question 1(b). With respect to Count 1, the amount of the methamphetamine that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____50 grams or more

_____5 grams or more but less than 50 grams

_____ less than 5 grams

Proceed to Question 1(c).

Question 1(c). With respect to Count 1, the amount of the mixture or substance containing a detectable amount of cocaine that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____5000 grams (5 kilograms) or more

_____500 grams or more but less than 5000 grams (5 kilograms)

_____ less than 500 grams

Proceed to Question 1(d).

Question 1(d). With respect to Count 1, the amount of the mixture or substance containing a detectable amount of fentanyl that was attributable to defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____400 grams or more

_____40 grams or more but less than 400 grams

_____ less than 40 grams


DATE _____

                                        _____

                                        FOREPERSON