```
                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF KENTUCKY
                           LOUISVILLE DIVISION

 UNITED STATES OF AMERICA,      )    Case No. 3:16-CR-082
                                )
         Plaintiff,             )
                                )
 v.                             )
                                )
 DANTE DEWAYNE WATTS AND        )
 CARLOS CATALAN                 )
                                )         December 18, 2019
             Defendants.        )         Louisville, Kentucky

                           * * * * *
             TRANSCRIPT OF CONFERENCE AT JURY TRIAL
                BEFORE HONORABLE CLARIA HORN BOOM
                   UNITED STATES DISTRICT JUDGE
                           * * * * *

 APPEARANCES:

 For United States:        Robert B. Bonar
                           Amy Sullivan
                           U.S. Attorney's Office
                           717 West Broadway
                           Louisville, KY 40202

 For Defendant             Frank Mascagni, III
 Dante Dewayne Watts:      228 S. Seventh Street
                           Louisville, KY 40202

 For Defendant             Christie A. Moore
 Carlos Catalan:           Lincoln J. Carr
                           Bingham Greenebaum Doll LLP
                           101 S. Fifth Street
                           Suite 3500
                           Louisville, KY  40202

 [Defendants present.]

                   Rebecca S. Boyd, RMR, CRR
                      Official Court Reporter
                       232 U.S. Courthouse
                       Louisville, KY 40202
                          (502) 625-3777
 Proceedings recorded by mechanical stenography, transcript
 produced by computer.
```

1  (Begin proceedings in open court 1:24 p.m.  Jury out.)
2       THE COURT:  All right.  We are back on the record
3  outside of the presence of the jury with all the parties and
4  counsel in the courtroom.  Just very briefly.  He's going to get
5  the jury right now.
6       I wanted to circle back around on the -- in the event that
7  we get there, on the 841, 851 bifurcation issue.  I had been
8  looking into this, and, you know, we talked about bifurcating
9  the trial for the guilt phase, and then the potential penalty
10 under the 851, and we started looking at -- I know the United
11 States sent a proposed jury instruction.
12      But the more I look into it, you know, the indictment does
13 not charge Mr. Watts with 850 -- you know, the 851.  It is
14 simply a notice.  And, you know, if you read the statute, the
15 stat -- so where I'm heading is I don't think this is a jury
16 issue.
17      I mean, the enhancement under 851 gets filed by the United
18 States, and then there is a process by which the defendant can,
19 you know, admit it or deny it, et cetera, but it's really a
20 sentencing issue, not a finding by the jury.
21      I would encourage everybody to look at 21 USC 851.  It
22 says -- it talks out -- starts by saying no person will stand
23 convicted under an offense under this part will be sentenced to
24 increased punishment unless before trial, or before entry of a
25 guilty plea, the United States attorney files an information

1  with the Court and serves a copy of such information on the
2  person or counsel of the person stating in writing the previous
3  convictions to be relied upon.
4       And I think most of the time, that information is filed as a
5  notice in the record, which was done here.  Upon a showing by
6  the United States attorney that facts regarding prior
7  convictions -- can you hear me?
8            THE INTERPRETER:  I can hear, Your Honor, but would
9  Your Honor mind slowing down a little bit?
10           THE COURT:  I'm sorry.  Okay.  I apologize.  I was
11 just trying to get the jury in here.  I will slow down.
12      So then it says, "Upon a showing by the United States
13 attorney that facts regarding prior convictions could not with
14 due diligence be obtained prior to trial -- this is some
15 information if it can't be obtained prior to trial.
16      Then part number two:  An information may not be filed under
17 this section if the increased punishment which may be imposed is
18 imprisonment for in excess of three years unless the party
19 either waived or was afforded prosecution by indictment for the
20 offense for which such increased punishment may be imposed.
21      And then there is a procedure under B for if the information
22 is filed, the Court shall after conviction, but before
23 pronouncement of the sentence, inquire of the person with
24 respect to whom the information was filed whether he affirms or
25 denies that he has previously been convicted as alleged in the

1   information, and shall inform him that any challenge to a prior
2   conviction which is not made before sentence is imposed may,
3   thereafter -- may not, thereafter, be raised to attack the
4   sentence.
5       And then C, subsection C talks about if the person denies
6   any allegation, they may file a written response, et cetera.
7       So my question is, you know, is this -- I don't believe this
8   is a jury issue.  And even if you go back and look at the second
9   superseding indictment, it's only filed as a notice.
10      It's not -- I mean, the statute under which the defendants
11  have been charged under the conspiracy, that statute hasn't
12  changed.  There's no element in that statute that we have to
13  find this prior conviction or not.  It is a notice that is
14  filed.  And, again, even if you look at the second superseding
15  indictment, included within Count 1 is a notice pursuant to 21
16  USC Section 851.
17      So, once again -- yeah, we're going to need a couple
18  minutes.  Neither the statute nor the caselaw on the substantive
19  charges has changed.  This notice, under 21 USC 851, is not an
20  element of the crimes charged.
21          MS. SULLIVAN:  I would agree with you.
22          THE COURT:  It's simply a statutory enhancement notice
23  that's been filed.  So I don't believe that is an issue for the
24  jury.  I believe it's an issue for the Court to decide whether
25  or not these prior convictions qualify.  You know, can the

```
 1   United States provide any guidance from the Department of
 2   Justice or otherwise?
 3              MS. SULLIVAN:  Your Honor, that's just the guidance we
 4   received, to start -- to include them in the indictment.  I have
 5   to say I agree with you.  So we wanted to just make sure we were
 6   following departmental guidance.  I don't think our guidance is
 7   the law, in any stre -- by any stretch of the mean --
 8              THE COURT:  Right.
 9              MS. SULLIVAN:  -- so --
10              THE COURT:  DOJ policy is not the law.
11              MS. SULLIVAN:  Exactly.  So whatever the Court may
12   want to do, we would be fine with.
13              THE COURT:  Okay.  What I would like is by our next
14   break, you know, any updates from either side on -- I understand
15   that it's DOJ policy now to include the notice within the
16   indictment.
17              MS. SULLIVAN:  Uh-huh.
18              THE COURT:  But that doesn't make it an element of the
19   offense.  Do you agree?
20              MS. SULLIVAN:  Yes, Your Honor.  Of course.
21              THE COURT:  Do you agree, Mr. Mascagni?
22              MR. MASCAGNI:  I do agree, and I just think since that
23   lineage of cases, we were operating under the presumption that
24   if there is a conviction, of course, the guilt phase is over,
25   and then we were -- by using the word bifurcate, we were
```

1  agreeing that it, obviously, would not be something heard by
2  this jury until post conviction, assuming there was a
3  conviction.
4      And so we had sort of reached a loose agreement, after
5  consultation with my client, that we would discharge the jury,
6  and if we were going to have a, quote, unquote, trial hearing,
7  that it would be before the Court as a matter of law.
8           THE COURT: Okay. That I would find -- make the
9  finding?
10          MR. MASCAGNI: Yes, ma'am.
11          THE COURT: Okay. Which I think that -- I mean, and
12 we can certainly do that, but I don't even know, if there were a
13 conviction, that that's something that has to be done today.
14          MR. MASCAGNI: I agree.
15          THE COURT: So long as it is --
16          MR. MASCAGNI: I agree.
17          THE COURT: -- done before sentencing.
18          MR. MASCAGNI: Correct. We agree with that.
19          MS. SULLIVAN: Yes, Your Honor.
20          THE COURT: Okay. So let me make it abundantly clear,
21 and, of course, if either party gets additional guidance before
22 our next break, please bring it to my attention, but, you know,
23 I was looking into this and discussing it as well with a
24 colleague, and it's really not an element of the offense, which
25 means it's just a notice for, you know, a sentencing

1  enhancement.  It's not an element of the offense that the jury
2  would need to find, even in a bifurcated or second phase of the
3  trial.  You agree with that, Mr. Mascagni?
4             MR. MASCAGNI:  Judge, I'm going to be honest with you.
5  I've had many clients charged with 851 notices over my career.
6  I have never had to litigate one.
7             THE COURT:  Uh-huh.
8             MR. MASCAGNI:  So this is a -- which is rare, I guess,
9  for me.  This is a case of first impression for me, and I've
10 always, in the past, done what we've done to -- and over this is
11 agree to segregate it.
12    But we've been talking, you know, periodically through the
13 trial that assuming there is a -- if there's not a conviction,
14 we go home.  If there is a conviction, that the jury would be
15 released, and, at some point, let's make it up between now and
16 four months from now, we would bring it to the Court's attention
17 or we could segregate it out and put it in action on the day of
18 sentencing, although I think we, obviously, should do it, I
19 think, earlier than that so it's part of the sentencing record
20 before we get to final sentencing, but we can do it either way.
21            THE COURT:  Okay.  But you agree that is not an issue
22 for the jury?
23            MR. MASCAGNI:  I'm not sure, but I agree with what you
24 said.
25            THE COURT:  Okay.  And, in any event, you would -- you

```
 1  would request that the Court hear that issue, not the jury?
 2          MR. MASCAGNI:  May I have one second?
 3          THE COURT:  Yes.
 4          MR. MASCAGNI:  After -- I'm sorry.  After consultation
 5  with my client, we've talked about this numerous times, but
 6  he -- I have his authority to tell you that we will try -- if we
 7  get to that phase two of the trial, we'll try it by bench and
 8  not by jury.
 9          THE COURT: Okay.  All right.
10          MS. SULLIVAN:  Your Honor, may I add one thing?
11          THE COURT:  Yes.
12          MS. SULLIVAN:  That would include any forfeiture
13  matters too, as Mr. Mascagni and I have discussed?
14          THE COURT:  Okay.  Do you agree?
15          MR. MASCAGNI:  I do, and that, in my mind, was
16  trifurcated, if that's such a word, but it's also an issue we
17  can do prior to sentencing or at the time of sentencing or I
18  think we're going to reach an agreement if there is a
19  conviction, so that can be in that 90-, 120-day window.
20          THE COURT:  Okay.  Sounds good.  I agree.  I think
21  we're all on the same page.  All right.  We're ready for the
22  jury.  Thank you.
23      (Proceedings concluded at 1:34 p.m.)
24
25
```

1      C E R T I F I C A T E

2

3     I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

4  THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

5

6
        s/Rebecca S. Boyd                        6-17-2020
7  Official Court Reporter                       Date