UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                            CRIMINAL ACTION NO.: 3:16-CR-00082-CHB-2

DANTE DEWAYNE WATTS                                                              DEFENDANT

### SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, files its memorandum in support of sentencing in this action, currently scheduled for August 20, 2020. For the reasons set forth below, the government respectfully requests this Court impose a sentence of life imprisonment.

### I. OFFENSE CONDUCT

The United States agrees with the detailed offense conduct, as laid out in the Presentence Investigation Report (PSR), at paragraphs 14-42. (DN 559, PSR.) The offense conduct reflects the evidence presented during the jury trial of this matter and is the basis for the jury's unanimous decision to render guilty verdicts on Counts 1 and 3 charged in the Second Superseding Indictment: conspiracy to possess with the intent to distribute controlled substances in violation of Title 21, United States Code, §§ 841(a)(1)(A) and 846; and conspiracy to conduct a financial transaction involving illegal proceeds of narcotics trafficking in violation of Title 18, United States Code, § 1956.

The jury heard extensive testimony from witnesses including several law enforcement officers with the Louisville Metro Police Department and the US Drug Enforcement Administration and heard several intercepted phone conversations during which Watts discussed the acquisition of narcotics from out of town sources, the processing and distribution of the drugs

after arrival, the collection of drug proceeds and the arrangements for paying the source with the drug money. In concert with the calls, the jury also viewed the distillation of massive amounts of digital data including cell phone location information and video clips. All combined, the jury had an inside view of the scope and scale of the Ismael Gonzalez/Dante Watts narcotics distribution operation—a large criminal conspiracy involving multiple people who played distinct roles designed to distribute millions of dollars' worth of drugs in the Louisville community.

## II. GUIDELINES CALCULATION

The United States agrees with the U.S. Probation Office's calculation of the offense level of 43, based upon the quantity of controlled substance involved and the appropriate specific offense characteristics. (PSR at p. 46-60).

## III. CRIMINAL HISTORY

The United States agrees with the U.S. Probation Office's detailed discussion of Watt's significant and concerning criminal history and its calculation of Watts' criminal history category of VI. Watts' criminal record shows a lifetime of drug trafficking and disturbing violent behavior with almost constant contact with the justice system.

## IV. SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)    the need for the sentence imposed:
    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for—
  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

…

  (5) any pertinent policy statement—

. . .

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

It is the position of the United States that the guideline sentence of life is the appropriate penalty in this case and is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a). The seriousness of the offenses of conviction is readily apparent and supports a significant sentence. The evidence presented to the jury demonstrates Watts' role as a leader in a drug trafficking conspiracy responsible for distributing a staggering amount of dangerous controlled substances in the Louisville community. Those drugs include cocaine, heroin and fentanyl, all of which have a profound negative impact on the safety of the community. The evidence shows that the scale and scope of this conspiracy was vast and that Watts, in particular, was becoming enriched at the expense of the addicted population. The jury heard testimony that from 2015 through 2016 Watts' total income reported was $117,913.00 but his expenditures were $4,255,366. In light of all other evidence presented, the obvious conclusion is that Watts was spending illegal drug proceeds. The evidence presented to the jury also showed that the conspiracy was ongoing on July 2, 2016 and that Watts was prepared to receive and distribute an additional large shipment of drugs which he would have spread throughout the community endangering the lives of countless individuals.

Watts' criminal history also points to a significant sentence in this case. In short, Watts has been committing serious felony offenses his entire adult life beginning at age 17 and continuing without interruption (excluding the significant amount of time spent in prison) to the events leading to his present conviction. Based on this sustained criminal conduct, there is no reason to believe that Watts would not continue to violate the law by committing serious felony crimes in the future. The guideline sentence in this case would protect the community form Watts' continued criminal behavior.

In addition to Watts' career as a drug dealer, the facts set forth in detail in the PSR (DN 559, p 21-25) are reflective of a particularly violent history. In particular, paragraph 75 recounts a horrifying crime that resulted in a felony conviction for Assault in the Second Degree based on the events of May 25 and 26, 2010 (Id. at p. 24-25). In essence, Watts tortured another person over a two-day nightmarish period in an attempt to extract a drug debt. During the ordeal, the victim sustained stab wounds, two fractured eye socket bones, numerous bruises, swelling and scrapes about his body (Id.). In the stipulated facts supporting a plea agreement, Watts admitted to causing injury to the victim (Id. at 25).

## V. CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of life imprisonment.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

s/ *Robert B. Bonar*
Robert B. Bonar
Amy Sullivan
Assistant U.S. Attorneys
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 625-7062

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/ Robert B. Bonar*
Robert B. Bonar
Assistant U.S. Attorney