**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:16-CR-00082-CHB-LLK-2**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**v.**

**DANTE DWAYNE WATTS**                                                       **DEFENDANT**

**ORDER SCHEDULING VIDEO TELECONFERENCING HEARING AND IDENTIFYING TOPICS**

This matter is before the Court on Defendant's pro-se motion, which the Court construed as a Motion of Dissatisfaction with his retained counsel, Frank Mascagni, III. [DN 569, 575]. The Court referred the matter to the undersigned Magistrate Judge "for a hearing, if necessary, and disposition." [DN 576].

The Clerk has scheduled a video teleconferencing hearing on the motion, [DN 569], for **November 9, 2020 at 2 p.m. Eastern Time (1:00 p.m. Central Time)**. Participating will be Defendant, who is being held in the Henderson Detention Center; Defendant's retained counsel, Mr. Mascagni; and Assistant United States Attorney Amy M. Sullivan.[1] The primary purpose of this Order is to identify the topics to be discussed at that hearing.

**Procedural History**

On July 6, 2016, Defendant and his co-Defendants were indicted for drug trafficking. [DN 18].

On November 30, 2016, the United States filed a civil forfeiture action against Defendants. [Case No. 3:16-cv-00755-CHB-CHL].

On July 3, 2019, the second superseding indictment charged Defendant with conspiracy to possess with intent to distribute (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2), and conspiracy to launder monetary instruments (Count 3). [DN 344]. In addition to charging Defendant, the second superseding indictment gave Defendant "Notice Pursuant to 21 U.S.C. § 851" of

---

[1] At that hearing, the Assistant United States Attorney will appear initially but will likely be excused before discussion of the substance of Defendant's dissatisfaction with counsel.

the United States' intent to seek enhanced sentence based on prior convictions and "Notice of Forfeiture." *Id.* at 2, 10.

On June 20, 2019 and again on October 3, 2019, the Court conducted pretrial conferences, which were digitally recorded. The last pretrial conference occurred on December 5, 2019, and was recorded by Court Reporter Becky Boyd, but no one has requested a transcript to date.

On December 10, 2019, jury selection occurred, and on December 11, 2019, testimony began.

On December 20, 2019, the jury found Defendant guilty of Counts 1 and 3 and not guilty of Count 2. [DN 494]. Regarding Count 1, the jury made certain findings regarding the amount of heroin, methamphetamine, and cocaine attributable to Defendant. *Id.*

On February 25, 2020, Probation Officer Brian Christie (hereinafter "the Probation Officer") submitted the disclosure presentence report (PSR). [DN 526].

On March 27, 2020, Defendant filed a pro-se sentencing memorandum and pro-se objections to the PSR, [DN 530], which the Court struck from the record on April 8, 2020, [DN 534].

On August 10, 2020, the Probation Officer submitted the final PSR, which concluded that: "Based upon a total offense level of 43 and a criminal history category of VI the guideline imprisonment range is life." [DN 559, Paragraph 121].

On August 11, 20202, the Court entered an Order recognizing that "Defendant has sent [the Probation Officer] pro se objections to his PSR." [DN 561]. The Court defense counsel ten additional days to file objections to the PSR and noted that the Probation Officer "need not respond to Defendant's pro se objections." *Id.* The Court appended to its Order a copy of Defendant's pro-se objections. [DN 561-1].

On August 12, 2020, the Court entered its Preliminary Order of Forfeiture. [DN 562].

On August 21, 2020, counsel filed five objections with the Probation Officer. [DN 567]. The Probation Officer addressed counsel's objections and maintained his calculations but recognized that the objections remain "unresolved." *Id.*

On September 21, 2020, Defendant filed the present pro-se motion. [DN 569].

On October 9, 2020, the Court entered an Order construing the present motion as a "Motion of Dissatisfaction of Counsel" and ordering that it be filed "UNDER SEAL and available to Defendant's retained counsel only." [DN 575]. The Court referred the matter to the undersigned Magistrate Judge for "a hearing, if necessary, and disposition." [DN 576].

On October 25, 2020, counsel responded to the Court's prior Orders, [DN 568, 577], to confer with his client (Defendant) regarding Defendant's filing of certain pro-se motions and to provide the Court certain information. [DN 579]. Counsel stated that he conferred with Defendant via telephone regarding Defendant's dissatisfaction and that Defendant requested counsel to "withdraw as counsel of record at this time and based upon his indigency, that the Court appoint him an attorney." *Id.* at 1. In support of withdrawal, Defendant made "various claims, including those of ineffective assistance of counsel," but no specifics were given regarding those claims. *Id.*

The concluding paragraph of counsel's response focused on Defendant's dissatisfaction regarding asset forfeiture. *Id.* at 2 (citing Civil Forfeiture Action No. 3:16-cv-00755-CHB-CHL). Michael L. Goodwin represents Defendant in the civil forfeiture action. Counsel suggests Defendant is dissatisfied with counsel because the Court has not set aside its Preliminary Order of Forfeiture, [DN 562], and has not agreed to conduct a "hearing on all forfeiture matters … either prior to [or] at the time of sentencing." [DN 579 at 2].

Defendant is currently at Henderson Detention Center. [DN 569 at 15, 19]. The Court rescheduled Defendant's sentencing hearing for January 7, 2021. [DN 578].

**Defendant's Motion of Dissatisfaction**

In the present Motion of Dissatisfaction, [DN 569], Defendant complains mainly about dissatisfaction with his retained counsel, Mr. Mascagni. Additionally, Defendant argues he did not agree

to have the Court decide issues related to Section 851 sentence enhancement and forfeiture.[2] Finally, Defendant complains about alleged errors occurring at his trial, including presentation by the United States of perjured testimony, all of which Defendant may pursue in the future on direct appeal.

As to Defendant's dissatisfaction with Mr. Mascagni, on October 25, 2020, Mr. Mascagni recognized that Defendant had made "various [unspecified] claims, including those of ineffective assistance of counsel." [DN 579 at 1]. Additionally, Defendant apparently is dissatisfied with counsel because the Court has not set aside its Preliminary Order of Forfeiture, [DN 562], and has not agreed to conduct a "hearing on all forfeiture matters … either prior to [or] at the time of sentencing." *Id.* at 2.

### Legal Standards

"[W]e may safely say that a criminal defendant in federal court has a right to represent himself or herself at sentencing." *United States v. Jones*, 489 F.3d 243, 248 (6th Cir. 2007). "The exact contours of the right to self-representation, however, depend on the nature of the proceeding." *Id.* "In [sentencing] proceedings [which occur] outside the presence of a jury, … the defendant's right to self-representation is satisfied 'if the pro se defendant is allowed to address the court freely on his own behalf and if disagreements between [standby] counsel and the pro se defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel.'" *Id.* at 248-49 (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 179 (1984)).

"[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). To substitute counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney." *United States v. Sullivan*, 431 F.3d 976, 979-80 (6th Cir. 2005).

---

[2] These matters were touched upon briefly on December 18, 2019, at Defendant's trial, outside the presence of the jury, [DN 549 at 1-9], and may have been discussed more thoroughly in pretrial conferences. Possibly, the United States has withdrawn its Section 851 notice, rendering those issues moot.

If the Court finds lack of good cause to substitute appointed counsel, "[t]he court may require the defendant to choose between proceeding pro se or maintaining current counsel." *United States v. Ealy*, 682 F. App'x 432, 436 (6th Cir. 2017); *see also United States v. Green*, 388 F.3d 918, 921-22 (6th Cir. 2004) (A "persistent, unreasonable demand for dismissal of counsel and appointment of new counsel ... is the functional equivalent of a valid waiver of counsel.").

## Topics for Teleconferencing Hearing

During the first part of the teleconferencing hearing, the parties should be prepared to discuss the actions taken by the United States to date on its Section 851 sentencing enhancement and asset forfeiture notices. [DN 344 at 2, 10]. The parties should be prepared to discuss what additional procedural history and legal standards (not discussed in this Order) are necessary to understand the issues presented by Defendant's motion at DN 569. Finally, the parties should be prepared to discuss how they believe the undersigned should proceed to analyze the merits of Defendant's motion, [DN 569], including whether to hold an evidentiary hearing, conduct oral arguments, or order briefing of certain issues and, if so, what those issues are.

Upon excusal of the United States from the hearing, Defendant should be prepared to explain why his dissatisfaction is directed at Mr. Mascagni personally as opposed to the Court's rulings on issues related to Section 851 and forfeiture. Defendant should be prepared to give specifics regarding his "various claims, including those of ineffective assistance of counsel." [DN 579 at 1].

The final PSR concludes that: "Based upon a total offense level of 43 and a criminal history category of VI the guideline imprisonment range is life." [DN 559, Paragraph 121]. Defendant should be prepared to identify any objection he has to the PSR that he believes counsel has not already made on his behalf. Before the hearing, counsel should have compared his objections to the PSR, [DN 567], and Defendant's pro-se objections to the PSR, [DN 561-1], and be prepared to state whether he believes his objections adequately take into account Defendant's objections.

Defendant should be prepared to state whether he intends to represent himself at the sentencing hearing or otherwise going forward; if not, whether he believes the Court has good cause to substitute appointed counsel; if so, to articulate with specificity the nature of that good cause; and whether, in the event the Court finds lack of good cause to substitute appointed counsel, Defendant and counsel are agreeable to counsel's functioning as standby counsel at Defendant's sentencing hearing, currently scheduled for January 7, 2021. [DN 578].

IT IS SO ORDERED.

October 28, 2020

Lanny King, Magistrate Judge
United States District Court

c:     Dante Dewayne Watts; Frank Mascagni, III; Amy M. Sullivan