UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY AT LOUISVILLE

FILED
VANESSA L. ARMSTRONG
NOV - 2 2020
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

V.     Criminal Action No. 3:16-CR-082-CHB2

DANTE DEWAYNE WATTS

PRO SE' MOTION (continued R 569 dessatifaction of Counsel

Comes the defendant Dante Dewayne Watts in opposition to Mr. Mascagni assertions made to the court, through his response to this courts orders of September 30, 2020 R568 and R.577 October 16 2020.

1. Mr. Mascagni called Watt's daughter via phone to relay to Mr Watts to call Frank Mascagni office or cellphone

Watts attempted to call Mr Mascagni via three way call but due to poor connection, Watts call said attorney collect Oct 25, 2020 at approx 1:26 pm.

Mr Mascagni was advised that Watts never consented or authorized for him to waive my rights for the jury to hear the forfeiture matters. This fact was made known to counsel on more than one occassion. Asserting a Jury not the judge.

2. MR. Mascagni attemps to assert to the court through his response, Paragraph 5. Defendant would like to have a hearing on the forfeiture matters as he has always maintained his assertion of his right for a hearing, etc.

3. MR Watts advised counsel via Oct 25, 2020 that Watts <u>never</u> waived his rights to a jury hearing the forfeiture matters. Watts <u>never</u> advised counsel to waive those rights.

4. MR Mascagni attemp to conflate the facts in this matter creates a predjoceal vaccum that forms a new meaning for miscarrige of justice, if not corrected by the courts.

5. As the court will recall prior to the jury being excused.

   1. Watts was never advised by counsel if Watts wanted to waive his rights to the jury hearing the forfeiture issues charged in the indictment.

      a. The courts never had a colloquy personally with Watts with regards to waiving his rights to a jury hearing the forfeiture matters.

-2-

b. Watts never spoke to the court personally acknowledging any waiver.

c. Watts never gave counsel consent/and or authority to waive his right to hear the forfeiture matters.

d. Watts never signed any waiver form in open court agreeing to waive his constitutional rights.

6. MR Mascagni and AUSA Sullivan knew prior to trial that Watts intended for the jury to hear any and all matters charged in the indictment.

A defendant is provided by the constitution rights to due process. Counsel attemps to eradicate those rights with conflated assertions that are unfounded and not true. By asserting his own facts intended to undermine and forgo Watts constitutional rights.

Counsel cannot waive defendants right to a jury trial. Based solely on his discussion with AUSA Sullivan to do so.

If this courts allow for counsel to waive a defendants right to be heard by jury without his consent or knowledge, what would prevent counsel from accepting plea agreements without the knowledge

-3-

of clients and the courts colloquy?

Certified Service

I hereby place this motion in the Henderson Detention Center mail box on Oct 28, 2020 to be mail to the United States Courthouse clerk

Sincerely
Dante Dewayne Watts
*Dante Watts*

Dante Watts
380 Borax Dr.
Henderson, Ky. 42420

EVANSVILLE IN 476
29 OCT 2020 PM 1 L



FILED
VANESSA L. ARMSTRONG
NOV -2 2020
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Office of the Clerk
United States District Court
106 Gene Snyder U.S. Courthouse
601 W. Broadway
Louisville, Ky. 40202-2249

40202-224199