UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-082-CHB-2

UNITED STATES OF AMERICA,                                               PLAINTIFF

VS.                                                            **Electronically Filed**

DANTE DEWAYNE WATTS                                                    DEFENDANT

\*\*\*   \*\*\*   \*\*\*

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Comes the Defendant, DANTE DEWAYNE WATTS, by counsel, and for his Objections to the revised Presentence Investigation Report (PSR) [DN 559], compiled by the United States Probation Office, states as follows:

**Objection to Determination of 25 Year Mandatory Minimum:**

The Probation Office determined (PSR at para. 120, PageID #3206) that Mr. Watts is subject to a mandatory minimum sentence of 25 years pursuant to the provisions of 21 U.S.C. §841(b)(1)(A) and 21 U.S.C. §851, based upon the Defendant's three (3) "serious drug felony" convictions listed in the Second Superseding Indictment's Notice [DN 344; p. 2053]. The Code provides for a term of imprisonment of not less than 25 years when an offender has been convicted of two (2) "serious drug felonies;" and not less than 15 years when an offender has been convicted of one "serious drug felony."

- **Jefferson Circuit Court Case No. 90-CR-1531:** Mr. Watts was indicted for Possessing a Schedule II Controlled Substance (cocaine) and was convicted of this Class D felony, pursuant to KRS 218A.140 and 218A.990(7). See attached certified copies of the

1

indictment and judgment in this case. A "serious drug felony" is defined in pertinent part as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance…for which the maximum term of imprisonment of 10 years or more is prescribed by law," 18 U.S.C. §924(e)(2)(A); 21 U.S.C. §802(57). Thus, Mr. Watts' conviction in this State Court case does not qualify as a predicate "serious drug felony."

- **Clark Superior Court Case No. 10D02-9401-CF-000003:** Mr. Watts was convicted of Dealing Cocaine in violation of the Indiana Code in 1994. In *U.S. v. De La Torre, et al.* 940 F.3d 938 (7th Cir. 2019), the 7th Circuit Court of Appeals held that it was plain error to use the same Indiana drug dealing statute for which the Defendant Watts was convicted as well as one of the appellants in *De La Torre* as a predicate "felony drug offense" pursuant to 21 U.S.C. §841. By applying the categorical approach in the comparison of the elements of the Indiana statute of conviction to the federal drug counterpart, this Circuit Court found that "Indiana law is categorically broader" and prohibited the imposition of a mandatory minimum sentence for that appellant, *Id*, at 952.

- **Jefferson Circuit Court Case No. 90-CR-863:** For the same reasons stated in *De La Torre, id.* at 950-951, the offense for which Mr. Watts was convicted in this indictment was based on a statutory scheme categorically broader than the federal definition of a "felony drug offense" in §802(44). As such, this Trafficking in a Controlled Substance conviction pursuant to KRS 218A.140 does not qualify as a predicate "serious drug felony."

**Objection to Computation of Criminal History:**

The Probation Office calculated the Defendant's criminal history score at 18, establishing a criminal history category of VI (paragraph 77). Of the 18 points, the Defendant's convictions in the four Jefferson Circuit Court cases from 1991 (Indictment Numbers 90-CR-0863; 90-CR-1531; 90-CR-2115; and 91-CR-0064) account for 12 (or 67%) of his total criminal history score. The Defendant objects to the assignment of these 12 criminal history points.

As an initial matter, the Probation Office counted each of these four sentences separately since the sentences were imposed for offenses that were separated by intervening arrests, per §4A1.2(a)(2) of the Guidelines. This section of the Guidelines also provides that if the prior sentences were imposed consecutively, "use the aggregate sentence of imprisonment." Since two of the sentences (in Indictment Numbers 90-CR-1531 and 91-CR-0064) were for a term of one year, the 3 criminal history points assigned to the Defendant in both paragraphs 69 and 71 should be reduced to 2 points each.

Additionally, each of the four sentences of imprisonment were imposed in 1991, which is more than 15 years before the commencement of the offenses for which he was found guilty in this case. As indicated above, two of the sentences (in Indictment Numbers 90-CR-1531 and 91-CR-0064) were for a term of one year.

Paragraph 67 of the PSR sets out the applicable dates that the Defendant served portions of the combined seven (7) year sentence in the Kentucky Department of Corrections: "Watts entered KYDOC on 4/2/1991 and was paroled on 6/15/1993. On 1/9/1994, he was arrested in Indiana and served in the Indiana Department of Corrections until 11/20/2008, when he was returned to KYDOC as a parole violator. On 1/15/2009, he was paroled from KYDOC, but returned

as a parole violator on 6/9/2010. On 9/1/2010, he was discharged in reference to administrative minimum expiration."

In sum, by 1993 the Defendant finished serving approximately 26 months of the 31 months he was required to serve for these four cases, which was well outside of the applicable fifteen-year period before the commencement of the instant offenses. Only the last 5 months of this sentence were served in two different segments within this time period. According to §4A1.2(e)(1) of the Guidelines, "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." This Guideline provision results in a substantial misrepresentation of the Defendant's criminal history score.

**Previous Objections of the Defendant to the PSR (DN 567):**

The Defendant incorporates by reference the Objections to the Presentence Investigation Report that were previously submitted by letter via email on August 21, 2020, to the Probation Office from Mr. Mascagni, Mr. Watts's trial counsel (DN 567). These five objections are:

1. objection to enhancement for possession of a firearm (paragraph 50);
2. objection to enhancement for maintaining premises for drug trafficking (paragraph 51);
3. objection to enhancement for managing five or more participants in a criminal activity (paragraph 55);
4. objection to drug quantity (paragraph 49); and
5. proposed calculation of sentencing guidelines offense level (paragraph 60).

These remain unresolved.

The first two objections filed by prior counsel find additional support in the trial testimony of Narcotics Officer Traud, which indicated that the two firearms and the controlled substances seized at the Blackthorn residence were "not part of the conspiracy *per se*." Trial Testimony of Jennifer Traud, 12/18/2019, DN 593, PageID#: 4072.

Regarding the firearms, since the proof at trial failed to show that Defendant either actually or constructively possessed either weapon during the commission of the trafficking offenses, the evidence in this case is insufficient to connect these weapons to the conduct for which he was convicted. Similarly, Officer Traud's testimony that the seizure of drugs at the Blackthorn residence was a "separate event" supports Defendant's position that the use of the Blackthorn premises for the purposes of manufacturing or distributing controlled substances was not part of the indicted conspiracy.

Respectfully submitted,

/s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant, DANTE WATTS
The Kentucky Home Life Building
239 South Fifth Street – Suite 1700
Louisville, Kentucky 40202-3248
(502) 589-4566 (Phone)
(502) 585-3548 (Fax)

**CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 19th day of March, 2021.

s/LARRY D. SIMON
LARRY D. SIMON