UNITED STATES OF AMERICA        RESPONDENT /PLAINTIFF

                           CIVIL ACTION NO. _____

vs.                      CRIMINAL ACTION NO.  NO. 3:16-CR-00082-CHB

DANTE DEWAYNE WATTS           PETITIONER/DEFENDANT

## MEMORANDUM AND OBJECTIONS TO
## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION
## IN SUPPORT OF
## MOTION TO SET ASIDE AND VACATE THE FINDINGS OF FACT
## CONCLUSIONS OF LAW AND RECOMMENDATION

Now comes the defendant, by counsel, James A. Earhart, and respectfully moves

this Court makes the following objections on behalf of the Petitioner to the Findings of

Fact, Conclusions of Law, and Recommendation in this case made on October 17, 2023,

and in support of this motion submits this memorandum and objections to the Magistrate

Judge Findings of Fact, Conclusions of Law and Recommendation.  Watts adopts the

arguments contained within the 2255 Petition (DE 640) and the Reply Memorandum in

Support of the Petition (DE 654) herein in support of the objections.

## STANDARD OF REVIEW

Pursuant to statute, this Court's standard of review for a magistrate judge's report

and recommendation is as follows:

A judge of the court shall make a de novo determination of
those portions of the report or specified proposed findings or

recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C).

Where parties make no objections to a magistrate's report and recommendation, the Court reviews the magistrate's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A). Similarly, Federal Rule of Criminal Procedure 59(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.

FED. R. CRIM. P. 59(b)(3).

## FINDINGS OF FACT, CONCLUSIONS OF LAW

## OBJECTIONS TO THE FINDINGS AND RECOMMENDATION

### I.       FINDINGS OF FACT

Watts has no objection to the Findings of Fact as they relate to the general outline of the alleged offense conduct on Page 1 and 2.  Watts does no concede that this allegations are accurate in that he denies any criminal conduct in this case.  More particularly:

1.  Watts claims ineffective assistance of counsel for failure to adequately

investigate his actual financial condition to refute the alleged $6.5 million dollar claim of the United States. In Watts Claim 7, Watts alleges ineffective assistance of counsel as a result of counsel's failure to investigate prior to trial adequately, document Watts financial details, and procure the necessary witnesses at trial to rebut the United States allegation of "unexplained wealth."

Watts claims ineffective assistance of counsel because trial counsel failed to investigate and document his financial details and procure the necessary witnesses at trial to rebut the United States allegation of "unexplained wealth." (R. 640 Petition at 5094). The United States acknowledges that "[a]n attorney has a duty to make 'reasonable' pretrial investigation, but that does not mean an attorney is required to pursue every possible defense theory." Strickland, 466 U.S. at 691. His defense at trial was that it was gambling income.

Watts instructed trial counsel to obtain records from the casino to refute the information being presented by the United States about Watts losing millions of dollars at the casino. Watts told Trial Counsel that records from the casino would refute the United States claim.

During the course of the trial the United States introduced a chart labeled unexplained wealth. The chart reflected that Watts spent or had access to $5.5 million or $4.5 million dollars and spent over $600,000 at hotels. Watts told Trial Counsel this was false and that the casino records would contradict these representations. Watts told Trial

Counsel to subpoena the records from the casinos, however, trial Counsel never obtained these records from the casino.

Obviously, the United States presented this financial information at trial because it was material, relevant and material to the issue of guilt. Watts was prejudiced by Trial Counsel's failure to adequately investigate and obtain the records necessary to rebut this misinformation.

### Cell-site Simulator

2. Watts does not object to the Magistrate Judge's summary as it relates to the allegations surrounding the unauthorized use of a cell-site simulator in this case.

"Movant claims that three videos obtained from his cellphone were "illegally recorded by the United States using a cell site simulator (stingray) and the dates of those videos were altered." [Doc. 640 at Page ID.5094]." The Magistrate Judge observes that "[a]ccording to the United States, "[l]aw enforcement did not use a cell site simulator, stingray, or any other technology to take over Watts' phone and record him, as he wildly claims." [Doc. 645 at PageID.5131]." This dispute will be more particularly addressed below in the specific Objection to the Conclusions of Law.

### Mobile forensic device

3. Watts does not object to the Magistrate Judge's summary as it relates to the functionality and use of the mobile forensic device in this case or that law enforcement did in fact use a mobile forensic device to access the cellphone data in this case.

## II.    Standard fdor claims of ineffective assistance of counsel

Watts has no objection to the Magistrate Judge's general recitation of Standard of Review as set forth in the Findings, Conclusions, and Recommendation.

1.    Fourth Amendment claims.  (Findings at p. 4).

The Magistrate Judge accurately reflects "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

The Fourth Amendment claim of ineffective assistance of counsel will be address below in the objections to the Conclusions of Law.

2.  Cell-site simulator and mobile forensic device.  (Findings at p. 4).

"This Report acknowledges that use by law enforcement of cell site simulators and mobile forensics devices raises constitutional concerns – as expressed in the wired.com article from June 23, 2023, which Movant appends to his reply.  [Doc. 654 1].  Future caselaw may address these concerns and identify ways in which trial counsel might pursue them.  But, in the meantime, counsel is not ineffective for declining to file a motion that lacks legal support."

Watts maintains that the unauthorized use of such devices without a warrant is

violation fo the Fourth Amendment under **CURRENT** case law present case law and that

as such counsel ineffective for declining to file a motion to suppress the illegal search and

seizure using this or similar device.  The unauthorized interception of electronic

communication would be a clear violation of the Fourth Amendment and  18 U.S.C. §§

2510-22, as amended by the Electronic Communications Privacy Act (ECPA)(Pub. L.

99-508; 10/21/86), the Communications Assistance to Law Enforcement Act

(CALEA)(Pub. L. 103-414; 10/24/94), Antiterrorism and Effective Death Penalty Act of

1996 ("Antiterrorism Act") (Pub. L. 104-132; 4/24/96), USA PATRIOT Act (Pub. L.

107-56; 10/26/01), USA PATRIOT Additional Reauthorization Amendments Act of 2006

(Pub. L. 109-178; (3/9/06), FISA (Foreign Intelligence Surveillance Act) Amendments

Act of 2008 (Pub. L.110-261; 7/10/2008), FISA Sunsets Extension Act (Pub. L. 112-3;

2/25/11) PATRIOT Sunsets Extension Act of 2011 (Pub. L. 112-14; 5/26/11).  These

statutes are codified, inter alia,  at 18 U.S.C. § 2510, et seq.

### The *Powell* cases

The magistrate Judge accurately summarizes the Powell case.  United States v.

Powell, 847 F.3d 760 (6th Cir. 2017)(direct appeal);  Eric Powell v. United States, 2021

WL 613416 (6th Cir. Jan. 4, 2021); Carlos Powell v. United States, 2021 WL 4241273

(6th Cir. Apr. 5, 2021).  In Powell it was alleged that "the DEA used a cell site simulator

to obtain his unlisted cellphone numbers."  Watts alleges that the law enforcement used

such technology in his case to access his phone without a warrant to obtain real time

audio and video surveillance of Watts as demonstrated by the four identified audio/video recordings that were made without a warrant or Watts knowledge or consent. This will also be more particularly addressed below in the objections to the Conclusions of Law.

### III. CONCLUSIONS OF LAW

#### Movant's 11 ineffective assistance of counsel claims

**1. Watts received ineffective assistance of counsel as a result of counsel's failure to file a motion to suppress the search of the residence at Baypoint.**

Watts has no objection to the Magistrate Judge's Conclusions of Law as to this claim. Based upon a review of the record counsel concedes that Watts did not have standing to challenge the search of the residence at Baypoint because this was not Watts' residence at the time of the search, and therefore, he had no standing to make the motion.

**2. Watts received ineffective assistance of counsel as a result of counsel's failure to file a motion to suppress the search of the residence at 12600 Blackthorn Trace.**

The Magistrate Judge found that"[f]irst, counsel **DID** file such a motion to suppress the evidence at his residence, **and this Court denied it as untimely.** [Doc. 400, 405]. The Sixth Circuit affirmed, finding that "[b]ecause [Movant's] untimely motion failed to raise or show good cause, the district court did not abuse its discretion by denying it." Watts, 2022 WL at *5. " (Emphasis added). Watts maintains that counsel thought theat the motion had merit or would not have filed it; and that it was denied because it was **UNTIMELY,** not because it lacked merit.

Trial Counsel belatently filed a motion to suppress indicating that suppression was warranted based upon the following:

> Attached herewith and marked as Exhibit A is a copy of the search warrant, affidavit for search warrant and itemization of items seized at the location. Co-Defendant Watts respectfully requests that this Court exclude any and all evidence seized directly or indirectly by the Government pursuant to the search warrant. He contends that the affidavit submitted in support of the warrant failed to establish probable cause and the good-faith exception to the exclusionary rule is inapplicable. The affidavit in support of the search warrant lists several factors containing conclusions and possibilities and beliefs, even taken cumulatively, does not provide the Constitutionally required probable cause under the Fourth Amendment to the United States Constitution.
>
> Attached herewith and marked as Exhibit B is a copy of an Opinion rendered in United States v. McNeal, 82 F. Supp. 2nd 945 (S.D. Ind. 2000) which the Co-Defendant submits as support to his Motion to Exclude.

(R. 400 Supplemental Pretrial Motions at 2405-06).

The Motion outlines the Constitutional defects alleged.  However, those concerns were never addressed on the merits by the district court or the Sixth Circuit Court of Appeals because the motion was untimely filed.

Watts adopts the arguments contained within the 2255 Petition (DE 640) and the Reply Memorandum in Support of the Petition (DE 654) wherein Watts more particularly addressed the merits of the motion.

**3.      Watts received ineffective assistance of counsel as a result of counsel's failure to file a motion to suppress the Title III wiretap application.**

Watts has no objection to the magistrate judge's conclusions of law on this claim. While Trial Counsel never filed a motion to suppress the Title III wiretap, he did join in

the motion to suppress filed by the co-defendant in this case.  The United States

accurately points out that " Counsel moved to suppress all evidence "seized from a cell

tower location or from a cell phone without a search warrant supported by probable

cause." (R. 236 Mot. to Supp at 1524).  The Court denied the motion because a warrant

was used to obtain the evidence. (R. 270 Report and Recommendation; R. 284 Order

Adopting Report and  Recommendation).   This Court denied the motion, and the Sixth

Circuit affirmed.

    **4.**      **Watts received ineffective assistance of counsel as a result of counsel's failure to adequately meet with and review the discovery with Watts prior to trial.**

Watts adopts the arguments contained within the 2255 Petition (DE 640) and the

Reply Memorandum in Support of the Petition (DE 654) wherein Watts more particularly

addressed the merits of the motion.

    **5.**      **Watts received ineffective assistance of counsel as a result of counsel's failure to file a motion to compel the United States to disclose the cell phone data and extracts from Kimki Lucas Iphone including the source of the videos being sent from cellphone 502-249-4532.**

The magistrate judge accurately identifies that "[m]ovant's fifth claim is that

counsel was ineffective for failing to file a motion to compel the United States to disclose

the cell phone data and extracts from co-defendant Lucas's iPhone, including the source

of the videos being sent from cellphone 502 249 4532.  [Doc. 640]."

Watts objects to the magistrate judge's Findings and Conclusions that "[m}ovant

fails to cite any caselaw supporting such a motion.  Counsel cannot be faulted for

declining to file an unsupported motion and movant fails to allege and prove, notwithstanding the evidence of his guilt presented at trial, that filing such a motion would have made a difference.

Watts claims ineffective assistance of counsel based upon Trial Counsel's failure to obtain an extract from Lucas phone. During the course of discovery it was revealed that the United States conducted an extract of the information from Lucas phone. During the course of the trial the United States introduced extracts from Lucas phone. SA Sanders testified that 3 of the videos were shot by Watts and sent to Lucas. SA Sanders also testified that the videos were extracted from Lucas phone. Transcript of Trial Vol 4B at pp. 45. SA Sanders also testified that the videos were sent by Watts to Lucas on June 16, 17 24, and 25, 2016. Id.

Watts acknowledges that one of the videos was made by Watts and sent to Lucas. The other two videos were not made by Watts or sent to Lucas by Watts. The disc introduced at trial by the United States did not contain extraction or videos from Lucas phone. In fact on July 17 2016, Watts was incarcerated and had no way to send the alleged video to Lucas on that day as was presented at trial. Records from the Henderson County Department of Corrections would confirm that Watts was incarcerated at that time and date and incapable of making or sending the video. Watts knew that the information was not accurate and a review of the extract from Lucas phone would confirm this misrepresentation.

Counsel did not need any specific ;legal authority to file a motion requesting disclosure of the source of the videos. They were alleged by the United States to have been made by Watts. Watts knew that he did not make the videos and that it was impossible for him to have mad e the video while he was incarcerated. A motion to suppress the introduction of these videos would have been appropriate challenging their authenticity.

1.  Watts knew that he did not make the video

2.  Watts knew that he could not have made the video while incarcerated.

3.  The iPhone is not capable of making the videos introduced by the United States at trial without some kind or outside manipulation. According to Apple "you can not record video while talking on iPhone?

Watts claims ineffective assistance of counsel based upon Trial Counsel's failure to obtain an extract from Lucas phone. During the course of discovery it was revealed that the United States conducted an extract of the information from Lucas phone. During the course of the trial the United States introduced extracts from Lucas phone. SA Sanders testified that 3 of the videos were shot by Watts and sent to Lucas. SA Sanders also testified that the videos were extracted from Lucas phone. Transcript of Trial Vol 4B at pp. 45. SA Sanders also testified that the videos were sent by Watts to Lucas on June 16, 17 24, and 25, 2016. Id.

Watts acknowledges that one of the videos was made by Watts and sent to Lucas.

The other two videos were not made by Watts or sent to Lucas by Watts.   The disc

introduced at trial by the United States did not contain extraction or videos from Lucas

phone.  In fact on July 17 2016, Watts was incarcerated and had no way to send the

alleged video to Lucas on that day as wqas presented at trial.  Records from the henderson

County Department of Correctoins would confirm that Watts was incarcerated at that time

and date and incapable of making or sending the video.  Watts knew that the information

was not accurate and a review of the extract from Lucas phone would confirm this

misrepresentation.

  See also Issue 6 below.

  **6.**  **Watts received ineffective assistance of counsel as a result of counsel's failure to file a motion to suppress challenging the authenticity and source of the video recording recovered from cellphone 502-249-4532, more specifically,  the source of the videos were illegally recorded by the United States using a cell site simulator (stingray) and the dates of those videos were altered**

  The magistrate judge found "Movant's sixth claim is that counsel was ineffective

for failing to file a motion to suppress challenging the authenticity and source of the video

recording recovered from cellphone 502 249 4532, more specifically, the United States

illegally recorded the videos using a cell site simulator (stingray) and the dates of those

videos were altered.  [Doc. 640]."

  The magistrate judge went on to find that "[m]ovant carries the burden of proving

that his trial counsel was ineffective.  Strickland v. Washington, 466 U.S. 668, 687

(1984).  This Report concurs with the United States that Movant "offered no proof" of

such an alteration.  [Doc. 645 at PageID.5131].  Nor does Movant cite caselaw supporting such a motion where there has been such alteration."

Watts objects on the basis that the proof he needs is in the exclusive possession  of the United States, i.e., access to the cell phones for and forensic examination.  Watts asked as part of his motion that he be allowed to engage in discovery to support his claim of alteration and unauthorized interception.  Watts has never been given an opportunity to support his claim without discovery being permitted and an evidentiary hearing help subsequent thereto.

Watts directed his Trial Counsel to challenge the source of the three short videos extracted from his cell phone. (R. 640 Watts' Petition at 5093-96; Attachment B: Trial Exhibit  64b (extraction report)), Attachment C: Trial Exhibit 64c (videos disk, filed separately with the Clerk). The videos show Watts recording himself and his residence on Blackthorn Trace and his voice can be heard. (R. 591 Sanders at TR 3800). They were recorded on June 17, 24, and 25 of 2016. (Id., Attachment B: Trial Exhibit 64b (extraction report)).   Trail counsel has a duty to investigate "all avenues leading to facts relevant to the merits" of the case.  Showers v. Berad, 635 f.3d 625, 632 (3d Cir. 2011).

Throughout the course of representation and at sentencing during his allocution, Watts advised counsel and the Court about three short videos played at the trial, which show him at his house on Blackthorn Trace. (R. 632 Colloquy at TR Sent. Hrg. at 4970-96). Watts accused police of somehow illegally hacking his cell phone and making

two of those recordings. (Id. at 4986-88).

The law enforcement officers in this case made extensive use of electronic surveillance to both track the suspects before their arrests and to intercept wire communications between the participants in the conspiracy. However, it was not until December of 2016 that the government was granted access to perform a full-scale search in order to extract data from the Defendant's phones. At trial, the government introduced into evidence three video files that were recorded inside Mr. Watts' residence on three separate days in June of 2016.

Moreover, the cell phone extraction reports of three of the Defendant's cell phones show that numerous video recordings were made and stored on these devices prior to his arrest on July 2, 2016, when his phones were seized. The Defendant raised the issue whether there were instances of unauthorized access to one or more of his cell phones with his trial counsel. Despite the Defendant's concerns about this issue and the opportunity for previous counsel to file a routine request to the Court to make the seized phones available to a qualified forensic computer expert of the Defendant to perform an independent examination, no such motion was filed.

Failure to determine if a cell site simulator was used by law enforcement in this case deprived Watts of the opportunity to challenge the evidence seized under the Fourth Amendment. The use of a cell site simulator implicates the Fourth Amendment and needs to be supported by a warrant based on probable cause. Statutory orders such as a pen/trap

or hybrid orders that are issued on a standard lower than probable cause do not suffice because cell site simulators are much more invasive than pen registers.  Even a warrant authorizing the use of cell site simulators may be presumed invalid because the use amounts to a "general search," violating the Fourth Amendment's particularity requirement.   The government's application for judicial authorization contained material omissions.   A Daubert/Frye hearing is required to ascertain the qualifications of expert witnesses and the reliability of their testimony on the use  of the cell site simulator.     \

As a result of this vague and hidden information the United States Supreme Court has directed federal courts to "take special care in evaluating the reach of new technologies in protected areas" and so absent a more detailed understanding of cell site simulators and their capabilities the court needs to particularly examine these issues through a full evidentiary hearing.  A number of Court have expressed concern over law enforcement unauthorized use of cell site simulators and withholding of that information from defendants and counsel.  This is coupled with an obvious absence of transparency as to the actual capabilities of the technology that numerous courts have required disclosure and/or suppression of all related telecommunication evidence derived directly or indirectly therefrom.

In fact, courts know very little about the device, thanks mostly to the government's refusal to divulge information about it.  Until recently the government has gone so far as to dismiss cases or withdraw evidence rather than disclose of the devices capability. It is

undeniable that the government has on numerous occasions purposely concealed the Stingray's use from courts, prosecutors and defense counsel. Watts is entitled to the disclosure of the use of such device and challenge the use of such devise in connection with his case and the gathering of information as a result thereof. There is a reason that law enforcement agencies sign a non-disclosure agreement![1]

The Sixth Circuit has expressed concerns about the technologies potential ability to activate microphones, cameras, and video recordings on a person's phone without that persons knowledge. See United States v Riley, — F.3d — (6th Cir 2017). Other Courts have also recognized that the use of such a device constitutes an unlawful search when used without the necessary warrant where a device is used to to explore details within a residence that were previously unknown without physical intrusion, the intrusion is a search and presumptively unreasonable without a warrant. United States v Karo, 468 U.S. 705, 714 (1984). Information gained by law enforcement during an illegal search cannot be used in a derivative manner to obtain other evidence. United States v. Hearn, 496 F.2d 236, 244 (6th Cir. 1974).

Trial Counsel's failure to file a motion to compel the disclosure or to suppress the content prohibited a full disclosure and review by the district court.

Watts adopts the arguments contained within the 2255 Petition (DE 640) and the

---

[1]https://www.wired.com/story/fbi-cell-site-simulator-stingray-secrecy/ (a copy of the article is attached as exhibit A to the Reply Memorandum (DE 654)).

Reply Memorandum in Support of the Petition (DE 654) wherein Watts more particularly addressed the merits of the motion.

**7. Watts received ineffective assistance of counsel as a result of counsel's failure to investigate prior to trial adequately, document Watts financial details, and procure the necessary witnesses at trial to rebut the United States allegation of "unexplained wealth."**

Watts objects to the magistrate judge's Findings and Conclusions and Watts adopts the arguments contained within the 2255 Petition (DE 640) and the Reply Memorandum in Support of the Petition (DE 654) wherein Watts more particularly addressed the merits of the motion.

Watts maintains that a proper examination by counsel of his actual financial situation would have rebutted the United States position of "unexplained wealth" but counsel failed to conduct any such financial investigation and obtain the necessary fincial records.

**8. Watts received ineffective assistance of counsel as a result of counsel's failure to submit the forfeiture issue to the jury and waived that right contrary to Watts specific direction to the contrary.**

Watts has no objection to the magistrate judge's Finding and Conclusions. The magistrate judge observed that the Sixth Circuit held that Movant (through his own personal conduct) waived any right to have the jury decide the forfeiture issue:

> [T]he [district] court asked [Movant's] counsel—who he had retained to represent his interests at trial—and counsel agreed that forfeiture would be decided by the court. Counsel answered this question in [Movant's] presence, and [Movant] did not display any disagreement with this decision until after the jury was discharged. Under these circumstances, we

conclude that … Watts's waiver was not inadvertent.

Watts, 2022 WL at *9.

**9.    Watts received ineffective assistance of counsel as a result of counsel's failure to conduct an independent extraction of the content and independent expert review of the source of the videos from cellphone 502-249-4532 and Koniki Lucas Iphone 859-xxx-xxxx.**

Watts objects to the magistrate judge's Findings and Conclusion Movant fails to identify any authority indicating counsel could have spearheaded such an independent extraction and fails to explain how doing so would have made a difference.   It is obvious to even the most inexperienced practitioner that Rule 16 of the federal rules of procedure entitle counsel to examine all physical evidence in the possession of the United States

Rule 16 (E) Documents and Objects. Upon a defendant's request, the government **MUST** permit the defendant to **INSPECT** and to **COPY** or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

(Emphasis added).

Proving the evidence was altered, fabricated and/or illegally obtained would have

resulted in exclusion at trial and perhaps even dismissal of charges for prosecutorial misconduct.

See also Issue 5 and Issue 6 above. Watts adopts the arguments contained within the 2255 Petition (DE 640) and the Reply Memorandum in Support of the Petition (DE 654) wherein Watts more particularly addressed the merits of the motion.

**10.    Watts received ineffective assistance of counsel as a result of counsel's failure to file objection to the Presentence Service Report.**

Watts does not object o the magistrate judge's Findings and Conclusions. The magistrate judge observed "[c]ounsel did file objections to the Presentence report [Doc. 601 1], the Officer Revised Final Presentence Investigation Report took them into account [Doc. 617], this Court ruled on the objections at the sentencing hearing [Doc. 632], and the Sixth Circuit affirmed in United States v. Watts, 2022 WL 706603.

**11.    Watts received ineffective assistance of counsel as a result of counsel's failure to call Lucas as a witness at trial to rebut the allegation that the videos were sent from Watts cellphone to her cell phone as testified to by the agent at trial.**

The magistrate judge found that "[m]ovant fails to cite any case law indicating that it would have been permissible to call Lucas to rebut the government agent's testimony. Nor has Movant shown that calling Lucas would have been wise. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

Watts objects to the Findings and Conclusion on the basis that no case law is

necessary to call a witness at trial on behalf of the defendant. The Sixth Amendment to the United States Constitution makes that incontrovertibly clear. Lucas would have confirmed that she did not make, send, or receive the videos as alleged by the United States .

Watts claims that it was ineffective assistance of counsel for failure to call Lucas as a witness at trial to contradict the testimony of SA Sanders that Watts made and sent the videos to Lucas. Lucas would have testified that the videos were not sent by Watts to Lucas calling into question the veracity of SA Sanders.

See als Issue 5 above.

## Movant's 5 prosecutorial misconduct claims

**12.     The United States engaged in prosecutorial misconduct by failing to disclose the use of a cell site simulator and illegal (Stingray) access to the Watts's cellphone.**

The magistrate judge found that "In United States v. Powell, 847 F.3d 760 (6th Cir. 2017), the Sixth Circuit held that the United States was not required to disclose in its application for a warrant permitting receipt of real time cellphone location information that it intended to use a cell site simulator. Powell is distinguishable from this case as explained above. Here the United States has affirmatively denied using any such device. Watts claims that such a device had to be used in this instance and that he can prove that the law enforcement is deliberately misleading the Court and presented false and fabricated evidence at trial.

**13.    The United States engaged in prosecutorial misconduct by presenting false evidence as to the source and date of the videos allegedly recovered from Watts's cellphone.**

The magistrate judge finds that "[a]ccording to the United States, "[l]aw enforcement did not use a cell site simulator, stingray, or any other technology to take over Watts' phone and record him, as he wildly claims."   [Doc. 645 at PageID.5131]. In his reply, Movant concedes that he "cannot definitively establish prosecutorial misconduct related to the videos." [Doc. 654 at PageID.5213].

This is a factual dispute between watts and the United states.  Watts maintains that law enforcement is withholding this information form the Court.  Watts does not concede that he can not prove this fact, he maintains that he needs access to the phones to prove it. In short, the examination of the phones will either support or contradict Watts claim, however, he is being denied the opportunity to conduct such examination.  What benefit is it to Watts to fabricate this challenge?  He knows that he did not make the videos and a forensic examination will prove it and expose law enforcement's deception to the Court about use of the stingray device and it capabilities.

**14.    The United States engaged in prosecutorial misconduct by presenting false and fabricated evidence at trial:**

**A.    Fabricated extraction of information from cellphone 502-249-4532 and Kiniki Lucas Iphone 859-xxx-xxxx.**

Watts objects to the magistrate judge findings.   Watts needs access to the phones

to prove his allegation.

**15.  The United States engaged in prosecutorial misconduct by failing to disclose to the defense in a timely fashion Brady and discovery material that was material to the defense in this case as it related to the illegal search and access to Watts's cellphone without a warrant and in excess of that authorized by the GPS and Title III warrants issued in this case.**

The issues involving alleged prosecutorial misconduct are all related to the failure to disclose the use of a cel cite simulator in connection with the investigation fo this case. Counsel will address Issues 12 through 15 together.  Counsel adopts the arguments above related to the undisclosed use of a cell site simulator in this case and the unlawful search and seizure as a result thereof.

Watts claims that agents illegally recorded the videos using a cell site simulator or stingray and he claims that the dates of those videos were altered. (R. 640 Petition at 6). Watts contends that law enforcement agents involved in this case are aware of the alteration of the records and illegal seizure in this case.  The videos form the basis of Watts' allegations of trial counsel ineffectiveness and most of prosecutorial misconduct claims.

The United States represents that "[l}aw enforcement did not use a cell site simulator, stingray, or any other technology to take over Watts' phone and record him, as he wildly claims."  Watts requests an independent examination of his and Lucas phones to support his claim.

Regarding the videos, Watts testified at the sentencing hearing about the

unauthorized recordings. (R. 632 Colloquy at TR Sent. Hrg. at 4970-96). Watts admitted

to making and sending one of the three videos to Lucas (but not the other two). (Id.

at 4991-92). The United States does not dispute that use of such device would have been

unconstitutional or do they claim to have a warrant authorizing the use of such device.   In

short, the government was not authorized to turn on Watts microphone, video, or do real

time location monitoring outside of the GPS tracking and Title III intercepts.

Watts does have some evidence to support his claim. Watts' Iphone is incapable

of making these videos. Watts has never been given access to the phones to perform and

independent examination to support his claim   Therefore, he cannot definitively establish

prosecutorial misconduct related to the videos (the prosecution failed to disclose the use

of a cell site simulator and illegal (Stingray) access to the Watts's cellphone (R. 640

Watts' Petition at 5095), presented false evidence as to the source and date of

the videos allegedly recovered from Watts's cellphone (Id.), fabricated extraction of

information from Watts and Kiniki Lucas' cell phones) (Id.), and consequently a Brady

and discovery violations for failure to disclose warrantless search of Watts' cellphone

(Id.)).

## REQUEST FOR EVIDENTIARY HEARING

1. "Unless the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon

the United States attorney, grant a prompt hearing thereon, determine the issues and make

findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255 ¶ 2. This language incorporates the standards governing evidentiary hearings in habeas corpus cases that was articulated in Townsend v. Sain, 372 U.S. 293 (1963). See Advisory Committee Notes to Rule 8, Rules Governing Section 2255 Proceedings (incorporating Advisory Committee Notes to Rule 8, Rules Governing Section 2254 Cases).

2.   Under Townsend, a hearing is required where the facts alleged, if true, would entitle the movant to relief, and the facts have not yet been reliably found after a full and fair hearing.  Id., 372 U.S. at 312-313.  Actual proof of those facts alleged in the motion is not required in order to demonstrate entitlement to a hearing. "The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege – not prove – reasonably specific, non-conclusory facts that, if true, would entitle him to relief." Aron v. United States, 291 F.3d 708, 715 n.6 (11th Cir. 2002) (emphasis in original).

3.   Thus, if the record of the case does not "'conclusively show' that under no circumstances could the [movant] establish facts warranting relief under § 2255," the movant must be afforded a hearing in the district court.  Fontaine v. United States, 411 U.S. 213, 215 (1973).  As a result, a hearing is generally required if the motion presents a colorable claim that arises from matters outside the record.  See United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989).

4.   Evidentiary hearings are more critical in section 2255 cases to resolve claims –

such as the ineffectiveness of counsel or the prosecutor's failure to disclose exculpatory evidence – which generally involve factual disputes regarding matters outside the record.

5. The hearing is to be conducted "as soon as practicable after giving the attorneys adequate time to investigate and prepare." Id. In setting the date for the hearing, the court must consider "the complexity of the case, the availability of important materials, the workload of [counsel for the government], and the time required by appointed counsel to prepare." Advisory Committee Notes to Rule 8, Rules Governing Section 2255 Proceedings (incorporating by reference Advisory Committee Notes to Rule 8, Rules Governing Section 2254 Cases).

6. The hearing will be governed by the Federal Rules of Evidence. See Fed. R. Evid. 1101(e); Rule 12, Rules Governing Section 2255 Proceedings. Moreover, Rule 8(d) of the Rules Governing Section 2255 Proceedings explicitly authorizes the court to order the production of the prior statements of any witness who testifies at an evidentiary hearing by extending the scope of Federal Rules of Criminal Procedure 26.2(a)-(d) and (f) to apply to section 2255 proceedings. Rule 8(d), Rules Governing Section 2255 Proceedings. If the court orders production of a prior witness statement and a party refuses to comply, "the court must not consider that witness's testimony." Id.

## REQUEST FOR DISCOVERY

1. Rule 6(a) allows a section 2255 movant to use, in the court's discretion and "for good cause," all of the discovery procedures available under the Federal Rules of

Criminal Procedure and the Federal Rules of Civil Procedure. Rule 6(a), Rules Governing

Section 2255 Proceedings. If the government seeks discovery, it must also meet the "good

cause" standard articulated in Rule 6(a).  See id.

2.  "Good cause" for discovery under Rule 6(a) has been shown "where specific

allegations before the court show reason to believe that the petitioner may, if the facts are

fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley,

520 U.S. 899, 908-909 (1997) (internal quotation marks omitted).  Movant need not state

a prima facie case for relief prior to seeking discovery.  Rather, Rule 6(a)'s "good cause"

standard permits the use of discovery to establish a prima facie case for relief. That is,

"good cause" is shown even if the movant's allegations support "only a theory . . . [that]

is not supported by any solid evidence" at the time of the discovery request.  Bracy, 520

U.S. at 908, 117 S. Ct. at 1799.

3.  If good cause is shown, discovery is available "regardless of whether there is to

be an evidentiary hearing."  Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

Nonetheless, if a hearing is granted, and prior discovery requests were denied or granted

on a limited basis, consider renewing or expanding upon these requests, arguing that the

grant of a hearing demonstrates "good cause" has been shown. Courts may also use

discovery as a means for narrowing the issues for presentation at a hearing, or as a

substitute for the hearing itself. See Blackledge v. Allison, 431 U.S. 63, 81-82 (1977).

4.  Once a movant has demonstrated "good cause" for discovery, "the scope and

extent of such discovery is a matter confided to the discretion of the District Court."

Bracy, 520 U.S. at 909. The discovery request must "include any proposed interrogatories and requests for admission, and . . . specify any requested documents." Rule 6(b), Rules Governing Section 2255 Proceedings.

WHEREFORE, the defendant respectfully requests that the Court enter the accompanying Order authorizing the petitioner to engage in discovery to obtain evidence in support of the petition to vacate the judgement, conviction and sentence in this case on the basis of ineffective assistance of counsel in violation of his Sixth Amendment Rights under the Constitution of the United States and prosecutorial misconduct in violation of the Fifth Amendment Rights under the Constitution of the United States.

WHEREFORE, the defendant respectfully requests that the Court enter the accompanying Order to conduct an evidentiary hearing on this case in support of the petition to vacate the judgement, conviction and sentence in this case on the basis of ineffective assistance of counsel in violation of his Sixth Amendment Rights under the Constitution of the United States and prosecutorial misconduct in violation of the Fifth Amendment Rights under the Constitution of the United States.

WHEREFORE, the defendant respectfully requests that the Court grant the objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation and enter an order to allow counsel to engage in discovery and for the magistrate judge to conduct an evidentiary hearing on the issues raised above or in the

alternative to issue a certificate of appealability as to the issues raised above.

Respectfully submitted,

    /s/ James A Earhart
James A. Earhart
2819 Seventh Street Road
Louisville Kentucky 40215
502-599-6864

<u>Certificate of Service</u>

I hereby certify that a true and accurate copy of this Motion was sent electronically via ECM/ECF this the __31st__ day of October, 2023, to:

United States Attorney
717 West Broadway
Louisville, Kentucky 40202

**LEGAL MAIL TO BE OPENED IN PRESENCE OF INMATE**

DANTE DEWAYNE WATTS, INMATE 18475-033
FEDERAL CORRECTIONAL INSTITUTION HAZEELTON
PO BOX 5000
BRUCETON MILLS WV 265251

____/s/ James A Earhart_____
James A. Earhart
