UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-82-CRS
CIVIL ACTION NO. 3:23-CV-161-CRS

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.

DANTE DEWAYNE WATTS                         DEFENDANT/MOVANT

## MEMORANDUM OPINION

This matter is before the Court on Dante Watts' Objections to the Report and Recommendation of Magistrate Judge Lanny King. Watts timely filed a motion to vacate, set aside, or correct his sentence and conviction pursuant to 28 U.S.C. § 2255. Motion, DN 640. In this motion, Watts raised eleven claims of ineffective assistance of counsel and five claims of prosecutorial misconduct. *Id*. The United States filed a Response opposing Watts' motion, Response, DN 645, to which Watts replied. Reply, DN 654. The Court referred this matter to Magistrate Judge King, Order, DN 644, who issued a Report recommending that Watts' § 2255 motion be denied. Report, DN 656. Watts timely filed Objections to Judge King's Report. Objections, DN 657. For the reasons stated below, the Court will overrule Watts' Objections and adopt Judge King's findings and recommendations.

## BACKGROUND

In 2016, law enforcement began investigating suspected drug dealers in Louisville. *United States v. Watts*, No. 21-5302, 2022 WL 706603, at *1 (6th Cir. Mar. 9, 2022). Through wiretaps, law enforcement discovered that drug trafficker Ismael Gonzalez was supplying many of these dealers. *Id*. A subsequent wiretap of Gonzalez's phone revealed that Dante Watts managed most of the daily operations of the enterprise. *Id*. Law enforcement used the wiretaps as well as phone

pings, car trackers, and physical surveillance to build a case against Watts and other conspirators. Trial Transcript Volume 1, Testimony of Detective Evans, DN 588 at PageID# 3512. The investigation resulted in the seizure of large amounts of cocaine, heroin, and fentanyl, drug-dealing paraphernalia, several loaded handguns, and hundreds of thousands of dollars in cash. Presentence Investigation Report, DN 617 at PageID# 4759-61.

On July 6, 2016, Watts and Gonzalez were indicted alongside Watts' girlfriend Kiniki Lucas and several others on conspiracy to possess with intent to distribute heroin, methamphetamine, and cocaine. *United States v. Gonzalez*, No. 3:16-CR-82-DJH, 2017 WL 4875277, at *1 (W.D. Ky. Oct. 27, 2017). Watts was also charged with conspiracy to launder monetary instruments. Indictment, DN 126 at PageID# 423. Watts took his case to trial. *See* Trial Transcript Volume 1, DN 588.

At trial, the prosecution's evidence included wiretaps of Watts planning drug shipments with Gonzales, phone-ping information showing Watts' location during the conspiracy, large quantities of drugs and drug paraphernalia recovered from Watts' residence, and millions of dollars in unexplained cash and cash transactions. *Watts*, 2022 WL 706603, at *1-2 (6th Cir. Mar. 9, 2022). The prosecution also presented three videos of Watts at his residence. Trial Transcript Volume 4-B, Testimony of Special Agent Sanders, DN 591 at PageID# 3800-03. One of the videos showed a mounted television with surveillance cameras plugged into it, and another showed a person installing a surveillance camera. *Id*. at PageID# 3802. Special Agent Sanders testified for the prosecution that law enforcement extracted the videos from Watts' and Lucas' iPhones.[1] *Id*. at PageID# 3799-800; *see* Extraction Report, DN 645-2. Sanders also testified that Watts recorded

---

[1] Law enforcement used a Cellebrite mobile forensics device to extract the videos from the iPhones. Extraction Report, DN 645-2. Cellebrite mobile forensics devices are plugged into phones to "extract a wide variety of data, including text messages and videos." Report, DN 656 at PageID# 5227 (citing Mailyn Fidler, *Local Police Surveillance and the Administrative Fourth Amendment*, 36 SANTA CLARA HIGH TECH. L.J. 481, 510 (2020)).

the videos and sent them to Lucas' iPhone on June 17, 24, and 25 of 2016. Trial Transcript Volume 4-B, Testimony of Special Agent Sanders, DN 591 at PageID# 3800. Watts' trial counsel did not call Lucas as a witness. The jury convicted Watts on the drug and money laundering charges. Jury Verdict, DN 494. Watts appealed, and the Sixth Circuit affirmed his convictions. *Watts*, 2022 WL 706603 (6th Cir. Mar. 9, 2022).

On April 4, 2023, Watts timely filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Motion, DN 640. Watts raised eleven claims of ineffective assistance of counsel and five claims of prosecutorial misconduct. *Id*. The United States responded, arguing that all of Watts' claims should be denied. Response, DN 645. Watts subsequently filed a Reply in which he argued the merits of his claims and requested discovery and an evidentiary hearing. Reply, DN 654.

Eight of Watts' claims involve the videos that the prosecution presented at trial. Motion, DN 640. Specifically, Watts contends that he did not record two of those videos or send them to Lucas. Reply, DN 654 at PageID# 5197. Rather, Watts alleges that law enforcement hacked his phone and illegally recorded the videos using a cell-site simulator, i.e., "stingray." *Id*. at 5198-99. Judge King described this technology in his Report:

> A cell-site simulator is "a device that pretends to be a cell tower and harvests identifying information, including location data, about every phone that responds to its signals." *Powell v. United States*, 2021 WL 4241273, at *3 (6th Cir. Apr. 5, 2021). Cell-site simulators may be used to obtain the numbers of the cellphones being used by a target or they may be used to track a target's location and movements. *Id*

Report, DN 656 at PageID# 5226. In his Reply, Watts provided an article from wired.com that further described the capabilities of cell-site simulators. Reply, DN 654-1 at PageID# 5219. According to that article, more sophisticated types of cell-site simulators can "allow operators to eavesdrop on calls, or will force devices to execute unauthenticated commands that disable encryption or downgrade the connection to a lower and less secure network." *Id*. at PageID# 5220.

3

In its response to Watts' motion, the United States insisted that "[l]aw enforcement did not use a cell site simulator, stingray, or any other technology to take over Watts' phone and record him, as he wildly claims." Response, DN 645 at PageID# 5131.

The Court referred the matter to Judge King for a Report and Recommendation. Order, DN 644. On October 17, 2023, Judge King issued his Report concluding that each of Watts' claims should be denied. Report, DN 656 at PageID# 5237. Judge King also recommended that the Court deny Watts an evidentiary hearing and a certificate of appealability. *Id*. On October 31, 2023, Watts timely filed Objections to Judge King's Report. Objections, DN 657. The Court now considers those Objections and reviews the portions of the Report to which Watts objected.

## **LEGAL STANDARD**

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which a party has filed a timely and specific written objection. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3). Specific objections "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard*, 932 F.2d at 509). "Absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985). The Court

need not review a magistrate judge's findings of law or fact when neither party objects to those findings. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). The Court may accept, reject or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

Watts raised a total of sixteen grounds for relief pursuant to 28 U.S.C. § 2255. Motion, DN 640 at PageID# 5093-96. Eleven of his claims are based on ineffective assistance of counsel (IAC). *Id*. His remaining five claims are based on prosecutorial misconduct. *Id*. As for his eleven IAC claims, Watts has directly or effectively waived eight of those claims. Watts' Objections as to his three surviving IAC claims are meritless, and the Court will overrule them for this reason. Watts has also waived three of his prosecutorial misconduct claims. Watt's Objections as to his two remaining prosecutorial misconduct claims also lack merit and will be overruled.

Watts numbered his assignments of error. He numbered his IAC claims 1 through 11. Motion, DN 640 at PageID# 5093-96. He numbered his claims for prosecutorial misconduct as follows: 12, 13, 14.A, 14, and 15. *Id*. For ease of reference to the record, the Court will use Watts' numbering system to refer to his claims.

### A. Watts has waived eleven claims.

Watts has waived a total of eleven claims by either failing to make any objection, by failing to identify error in Judge King's Report and thereby failing to make a specific objection as required, or by doing no more than merely disagreeing with Judge King.

First, Watts expressly declines to object to Judge King's findings on his IAC claims numbered 1, 3, 8, and 10, and he does not address his prosecutorial misconduct claim numbered 15. Objections, DN 657 at PageID# 5244-45, 5254, 5256. There being no objections to Judge

5

King's findings and recommendations as to these claims, the Court will adopt them. *Thomas*, 474 U.S. at 150.

Next, Watts has waived appeal of his IAC claims numbered 2, 4, and 7 as well as his prosecutorial misconduct claims numbered 14.A and 14 by failing to identify error in Judge King's Report. *Depweg*, 2015 WL 5014361, at *1 (citation omitted). With respect to his IAC claim numbered 4, Watts merely states that he "adopts the arguments contained within the 2255 Petition (DE 640) and the Reply Memorandum in Support of the Petition (DE 654)". Objections, DN 657 at PageID# 5246. With respect to his IAC claims numbered 2 and 7 and his prosecutorial misconduct claims numbered 14.A and 14, Watts does nothing more than restate what he previously presented. *Compare id.* at PageID# 5244-45, 5254, 5258-60 *with* Reply, DN 654 at PageID# 5185-95, 5206-07, 5211-13. Because Watts presents no specific objection to Judge King's findings and recommendations on these claims, the Court will adopt them. *Thomas*, 474 U.S. at 150.

Finally, Watts has waived appeal of his IAC claim numbered 5 because his Objection amounts to nothing more than a disagreement with Judge King. *Depweg*, 2015 WL 5014361, at *1 (citation omitted). In this claim, Watts faults trial counsel for failing to "file a motion to compel the United States to disclose the cell phone data and extracts from [Kiniki] Lucas' Iphone including the source of the videos . . . ." Motion, DN 640 at PageID# 5094. Judge King recommended that this claim be denied because Watts did not offer any caselaw to support such a motion and did not show that such a motion would have made a difference. Report, DN 656 at PageID# 5232. Watts objects that "[c]ounsel did not need any specific ;legal [sic] authority to file a motion requesting disclosure of the source of the videos." Objections, DN 657 at PageID# 5248. But Watts provides no basis or authority to support his assertion that trial counsel did not need any legal authority for

6

such a motion. *Id*. Instead, Watts proceeds only to restate arguments previously presented to and rejected by Judge King. *Compare id. with* Reply, DN 654 at PageID# 5197; 5205. Thus, his Objection amounts to nothing more than a bare disagreement with Judge King's finding and has been waived as such. The Court will therefore adopt Judge King's findings and recommendations on this claim. *Thomas*, 474 U.S. at 150.

### B. Watts' Objections on his remaining IAC claims lack merit.

Watts' Objections on his remaining IAC claims all involve two of the videos extracted from Watts' cellphone and presented by the United States at trial. Trial Transcript Volume 4-B, Testimony of Special Agent Sanders, DN 591 at PageID# 3801-03. The videos showed Watts at his residence, and Watts' voice could be heard. *Id*. One of the videos also showed a television with surveillance cameras plugged into it, and the other showed a person installing a surveillance camera. *Id*. at PageID# 3802. Watts alleges that the government recorded the videos illegally and altered the dates on the videos. Motion, DN 640 at PageID# 5094. Accordingly, Watts' claims numbered 6, 9, and 11 fault trial counsel for (1) failing to file a motion to suppress the videos, (2) failing to independently investigate the videos, and (3) failing to call codefendant Kiniki Lucas as a witness to rebut the government's testimony on the source of the videos. *Id*. at PageID# 5094-95.

Judge King evaluated whether Watts met his burden under the standards for IAC established by *Strickland v. Washington*, 466 U.S. 668 (1984). Judge King concluded on each claim that Watts did not meet his burden. Watts objects to these findings. For the reasons explained

below, the Court finds no error in Judge King's analysis. Accordingly, the Court will overrule Watts' Objections and adopt Judge King's findings and recommendations on these claims.

To establish IAC, a movant must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To show that counsel's performance was deficient, a movant must demonstrate that counsel "made errors 'so serious' he did not 'function[ ] as the 'counsel' guaranteed . . . by the Sixth Amendment.'" *Kimbrough v. United States*, 71 F.4th 468, 471 (6th Cir. 2023) (quoting *Strickland*, 466 U.S. at 687). Further, as Judge King explained:

> Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to prove actual prejudice.

Report, DN 656 at PageID# 5228 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Watts rests his sixth IAC claim on the ground that his trial counsel failed to litigate a Fourth Amendment claim. Specifically, Watts faults his trial counsel for failing to "file a motion to suppress challenging the authenticity and source" of the two videos which Watts contends he did not record. Motion, DN 640 at PageID# 5094. Watts claims that "the source of the videos were illegally recorded by the United States using a cell site simulator (stingray) and the dates of those videos were altered." *Id*. Judge King found that this claim should be denied for two reasons. First, Watts did not present any proof to support his altered-dates theory, and second, Watts did not provide any legal authority in support of his argument. Report, DN 656 at PageID# 5232. Thus, Judge King concluded that Watts failed to show that a motion to suppress would be meritorious.

Judge King applied the correct legal standard, and Watts does not contend otherwise. Instead, Watts objects that he needs access to the phones to show that the United States illegally

8

recorded the videos and altered the dates. Objections, DN 657 at PageID# 5250. This Objection first ignores Judge King's conclusion that even if the Court assumes the dates were altered, Watts has not carried his burden of proof because his claim lacks developed argument. Report, DN 656 at PageID# 5232 ("Nor does Movant cite caselaw supporting such a motion where there has been such alteration."). The Court has no obligation to flesh out Watts' "skeletal arguments," and Judge King did not err in recommending denial of Watts' sixth claim on this ground. *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.") (citations omitted).

Additionally, Watts' Objection ignores Judge King's discussion of *Powell v. United States*, No. 20-1894, 2021 WL 4241273, at *4 (6th Cir. Apr. 5, 2021). In *Powell*, the Sixth Circuit held that the warrantless, *i.e.*, the potentially illegal, use of a cell-site simulator does not require suppression when the search was "conducted before the Supreme Court's 2018 decision in *Carpenter* . . . ." *Id.* (citing *United States v. Pritchard*, 964 F.3d 513, 528-29 (6th Cir. 2020)). The United States investigated Watts in 2016, well before the Supreme Court decided *Carpenter*. *See Watts*, 2022 WL 706603, at *1 (6th Cir. Mar. 9, 2022). Accordingly, even if the Court assumes that the United States used a cell-site simulator and assumes that there was no warrant for that use, Watts has not shown that a motion to suppress would have had merit. Thus, Judge King rightly concluded that Watts' sixth IAC claim fails on that ground.

Next, in his ninth IAC claim, Watts faults his trial counsel for failing to "conduct an independent extraction of the content and independent expert review of the source of the videos . . . ." Motion, DN 640 at PageID# 5094. Judge King first recommended that this claim be denied

9

because Watts did not show how trial counsel "could have spearheaded such an independent extraction." That is, Watts did not demonstrate that trial counsel had the resources necessary for an expert investigation. Watts thus did not demonstrate that trial counsel's decision was unreasonable and therefore did not show deficiency of performance under *Strickland*.

Watts has not shown that Judge King erred in this analysis. Watts objects that "[i]t is obvious to even the most inexperienced practitioner that Rule 16 of the federal rules of [criminal] procedure entitle counsel to examine all physical evidence in the possession of the United States[.]" Objections, DN 657 at PageID# 5255. Watts thus implies that his trial counsel was deficient for failing to conduct an expert investigation of the videos pursuant to Rule 16. *Id*. But Watts' Objection misses Judge King's point. It does not explain why trial counsel's decision to forego an expert investigation was unreasonable because it does not show that trial counsel had the resources for such an endeavor. Defense attorneys "have limited time and resources, and so must choose from among countless strategic options." *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (citation omitted). And trial counsel's "strategic decisions—including whether to hire an expert— are entitled to a 'strong presumption' of reasonableness." *Id*. (internal quotation marks omitted). Watts has the burden of rebutting this strong presumption. *Id*. Judge King concluded that Watts has not carried this burden. This Court agrees. Watts' citation to Rule 16, without more, certainly does not suffice.

Judge King next found that Watts' ninth IAC claim should also be denied because Watts did not establish prejudice under *Strickland*. Specifically, Judge King explained that Watts did not show how an independent expert investigation "would have made a difference." Report, DN 656 at PageID# 5233.

Watts objects to Judge King's lack-of-prejudice finding on two grounds. First, Watts asserts that proving government wrongdoing might have resulted in dismissal for prosecutorial misconduct. Objections, DN 657 at PageID# 5255-56. This argument is not properly before the Court because Watts did not present it to Judge King. *Murr*, 200 F.3d at 902 n.1. The Court will overrule it for this reason. Second, Watts contends that proving government wrongdoing could have resulted in exclusion of the videos. Objections, DN 657 at PageID# 5255-56. He implies that he was therefore prejudiced by trial counsel's failure to investigate such wrongdoing. *Id*.

Judge King explained the correct standard for prejudice, and Watts does not contend otherwise. Report, DN 656 at PageID# 5227. To show prejudice, a movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability means a substantial, not just conceivable, likelihood of a different result." *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (citations omitted) (internal quotation marks omitted). In deciding whether a reasonable probability of a different result exists, courts must "take stock of the strengths and weaknesses of the surrounding case." *Stefanski v. Douglas*, 23-1881, 2024 WL 1956213. at *6 (6th Cir. May 3, 2024). More specifically, courts must keep in mind that a result "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 696.

Watts has not shown that Judge King erred in applying these standards and rejecting his ninth IAC claim. Watts' conviction had overwhelming record support. When Watts raised his allegations regarding the videos at sentencing, the Court responded:

> I have no concerns in that regard with the evidence that was presented against you, Mr. Watts. As I mentioned before, the evidence was simply overwhelming, even without those – what – you know, the videos that you're talking about that you claim were fabricated somehow . . . So I simply – there's simply no basis – even if

11

>   somehow that evidence was improper, which there's no evidence of that, even if it was, the overwhelming evidence in this case, based on your own statements in the wiretaps and all the other legion of evidence is that you were guilty beyond a reasonable doubt.

Sentencing Transcript, Comments of Judge Boom, DN 632 at PageID# 5010.

Taking stock of the overwhelming record support in this case, the Court cannot see any substantial likelihood that had the videos been suppressed, the result of the proceeding would have been different. Accordingly, even if the Court assumes that an investigation would have revealed wrongdoing and also assumes that the videos would have been excluded on this basis, Watts has not shown prejudice. Judge King thus correctly found that Watts' ninth IAC claim should be denied for this reason as well.

Finally, Watts faults his trial counsel for failing to call co-defendant Kiniki Lucas as a witness (his eleventh IAC claim). Motion, DN 640 at PageID# 5095. Watts contends that Lucas could have rebutted Special Agent Sanders' testimony that Watts sent the videos to Lucas' cellphone. *Id*. Judge King found that this claim should be denied. Report, DN 656 at PageID# 5234. He again explained that under *Strickland*, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. (quoting *Strickland*, 466 U.S. at 690). Applying this standard, Judge King concluded that Watts failed to show that trial counsel's decision not to call Lucas was unreasonable under the circumstances. *Id*.

Watts has not demonstrated that Judge King erred with respect to this claim. Watts objects that "Lucas would have confirmed that she did not make, send, or receive the videos as alleged by the United States." Objections, DN 657 at PageID# 5257. But merely asserting that a witness's testimony would have conflicted with other evidence is insufficient to prove IAC. The Sixth Circuit has held that "[a] defense counsel has no obligation to call or even interview a witness

12

whose testimony would not have exculpated the defendant." *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004). This is especially pertinent when the testimony would not have "overshadowed the other evidence of his guilt or otherwise undermine[d] the reliability of the jury's verdict." *Emerine v. Fender*, No. 22-3191, 2022 WL 4015652, at *4 (6th Cir. Aug. 22, 2022). Watts does not suggest that Lucas could have contested the content of the videos, only that Lucas would deny having received the videos from Watts.[2] Objections, DN 657 at PageID# 5257. This slight conflict with Sanders' testimony is not enough to obligate trial counsel to call Lucas. *Emerine*, 2022 WL 4015652, at *4 ("Although Cassandra's testimony might have slightly conflicted with other evidence, it does not exculpate Emerine."). Further, Watts has not shown how Lucas' testimony would have overshadowed the other evidence of his guilt, particularly given the overwhelming record support for the verdict. Watts thus has not met his burden of showing that trial counsel was obligated to call Lucas under the circumstances. Accordingly, Judge King did not err in finding that Watts' eleventh claim failed to establish IAC.[3]

### C. Watts' Objections on his remaining prosecutorial misconduct claims lack merit.

Watts' Objections on his remaining prosecutorial misconduct claims also involve Watts' allegation that the government used a cell-site simulator on his cellphone. Watts numbered these claims 12 and 13. Watts contends that the prosecution (1) acted improperly by failing to disclose the use of a cell-site simulator on Watts' cellphone and (2) presented false evidence regarding the source and dates of the videos. Motion, DN 640 at PageID# 5095. Judge King found that each

---

[2] Watts also asserts that Lucas would have confirmed that "she did not make" or "send" the videos. Objections, DN 657 at PageID# 5257. But the United States never alleged that Lucas made or sent the videos, *see* Trial Transcript Volume 4-B, Testimony of Special Agent Sanders, DN 591 at PageID# 3801-03 so such confirmations would not have rebutted any of Sanders' testimony.

[3] Judge King found that Watts' eleventh IAC claim should also be denied because Watts "fails to cite any caselaw [sic] indicating that it would have been permissible to call Lucas to rebut the government agent's testimony." Report, DN 656 at PageID# 5234. Watts objects that no case law is necessary because the Sixth Amendment clearly allows counsel "to call a witness on behalf of the defendant." Objections, DN 657 at PageID# 5256-57. Because Judge King's alternative ground is sufficient to dispose of Watts' eleventh IAC claim, the Court will not evaluate this Objection.

claim should be denied. Watts objects to these findings. For reasons more fully explained below, the Court will overrule Watts' Objections on these claims.

To show prosecutorial misconduct, a movant must demonstrate that (1) the prosecutor's conduct was improper, and that (2) the misconduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

In his twelfth claim, Watts asserts that the prosecution acted improperly by failing "to disclose the use of a cell site simulator and illegal (Stingray) access to Watts' cellphone." Motion, DN 640 at PageID# 5095. Judge King found that this claim should be denied for the following reason:

> In [*Powell*][4], the Sixth Circuit held that the United States was not required to disclose in its application for a warrant permitting receipt of real time cellphone location information that it intended to use a cell-site simulator.

Report, DN 656 at PageID# 5234. Thus, Judge King found that even if the government used a cell-site simulator, Watts cannot show that the failure to disclose this use was improper. *Id*.

The Court finds no error in Judge King's analysis, and Watts offers none. Instead, Watts objects that *Powell* is distinguishable because "[h]ere the United States has affirmatively denied using any such device." Objections, DN 657 at PageID# 5257. Watts contends that "he can prove that law enforcement is deliberately misleading the Court and presented false and fabricated evidence at trial." *Id*. But these contentions do not distinguish *Powell*. Watts claims that the government acted improperly by failing to disclose the use of a cell-site simulator. As Judge King explained, *Powell* held that the failure to disclose the use of a cell-site simulator is not improper.

---

[4] Judge King cites to three different *Powell* cases throughout his Report. Here, Judge King inadvertently cites to *United States v. Powell*, 847 F.3d 760 (6th Cir. 2017). Report, DN 656 at PageID# 5234. The correct citation for this holding is *Powell v. United States*, No. 20-1894, 2021 WL 4241273, at *3-4 (6th Cir. Apr. 5, 2021).

Watts' Objection raises additional allegations of impropriety but does not explain why disclosure was required. For this reason, Watts' Objection lacks merit and will be overruled.

Next, in his thirteenth claim, Watts' asserts that the United States engaged in prosecutorial misconduct by presenting "false evidence as to the source and date of the videos allegedly recovered from Watts' cellphone." Motion, DN 640 at PageID# 5095. This claim again relates to Watts' allegation that the government used a cell-site simulator to record the videos. Reply, DN 654 at PageID# 5212. Judge King found that this claim fails because Watts conceded his inability to "'definitively establish'" such misconduct. Report, DN 656 at PageID# 5235 (quoting Watts' Reply, DN 654 at PageID# 5213). Watts objects that Judge King misstates his argument. Watts asserts that he did not concede his inability to prove the claim eventually, only his inability to prove it now. Watts "maintains that he needs access to the phones to prove it." Objections, DN 657 at PageID# 5258.

However, even if Judge King misread Watts' argument, Watts' claim still fails to persuade. Watts has not pointed to any facts to suggest that if he were given access to the phones, he would be able to prove his claim. Significantly, Watts offers nothing to indicate that a cell-site simulator is even capable of activating a phone's camera and recording videos. Watts' Reply includes an article that briefly describes the capabilities of cell-site simulators,[5] but nothing in that article suggests that these devices can cause a cell phone to record videos. Reply, DN 654-1 at PageID# 5220. Instead, the article describes nothing other than the ability to eavesdrop, disable encryption, or downgrade connections to a lower and less secure network. *Id*. And even then, the article states that only some cell-site simulators have these capabilities. *Id*. Thus, Watts' arguments consisted of no more than an unsupported hypothesis. His Objection suffers from the same infirmity.

---

[5] Reply, DN 654-1 at PageID# 5219.

Unsupported hypotheses are insufficient to warrant discovery because they do not provide any basis on which to conclude that additional discovery would lead to a viable claim. *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997); *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (finding that a movant is not entitled to "fishing expeditions" based on unsupported allegations) (citations omitted). In *Duval v. United States*, the petitioners likewise sought to support their claim that the government knowingly offered perjured testimony. 372 F. Supp. 3d 544, 550 (E.D. Mich. 2019). Specifically, the petitioners hoped to prove that Deputy Glick, a witness for the government, lied about never visiting the petitioners' farm in 2010. *Id.* The petitioners admitted that they did not yet have any information to prove the falsity of Glick's testimony, so they requested additional discovery to determine which agency employed Glick in 2010. *Id.* at 551. The court rejected this request, reasoning that the petitioners had "not offered any specific facts to justify an expectation that any new evidence on that topic would be forthcoming." *Id.* (citing *Gramley*, 520 U.S. at 908-909). Similarly here, Watts has not justified an expectation that he could uncover evidence that the government recorded the videos with a cell-site simulator. Thus, to the extent Watts asks this Court to reject Judge King's recommendation and permit discovery of the phones, his Objection is meritless and will be overruled.

Moreover, even if Watts could prove that law enforcement recorded the videos using a cell-site simulator, he could not establish prosecutorial misconduct. Watts specifically challenges the veracity of Sanders' testimony that Watts recorded the videos and sent them to Lucas on June 17, 24, and 25 of 2016. Objections, DN 657 at PageID# 5247; *see* Trial Transcript Volume 4-B, Testimony of Special Agent Sanders, DN 591 at PageID# 3800. To establish prosecutorial misconduct based on false testimony, a movant "must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Coe v. Bell*, 161 F.3d

16

320, 343 (6th Cir. 1998) (citing *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989)). Watts has not made this showing. Even if the Court assumes that Sanders' testimony was false, Watts has not demonstrated that it was material or that the prosecution knew that it was false.

First, Watts cannot show that Sanders' testimony on the source and dates of the videos was material. Materiality is only met if the movant shows that "the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury." *United States v. Fields*, 763 F.3d 443, 462-63 (6th Cir. 2014). As discussed, the evidence of Watts' guilt apart from the videos was overwhelming. The prosecution's case included recordings of Watts planning drug shipments with co-conspirators, phone-ping data showing Watts' location at various times during the conspiracy, drugs and drug paraphernalia found at Watts' home, and millions of dollars in unexplained wealth. *Watts*, 2022 WL 706603, at *1-2 (6th Cir. Mar. 9, 2022). Given the strength of this record, Watts cannot demonstrate a reasonable likelihood that Sanders' testimony on the source and dates of the two videos affected the judgment of the jury. Watts therefore cannot show that Sanders' testimony was material. His thirteenth claim fails for this reason alone.

Second, Watts offers nothing to indicate that the prosecution knew Sanders' testimony was false when it was presented. Nowhere does Watts allege that the prosecution was involved with law enforcement's use of a cell-site simulator. Nor does Watts point to any questions or comments by the prosecution to suggest that the prosecution knew that Sanders was lying. Accordingly, even if Watts could prove that law enforcement used a cell-site simulator, his thirteenth claim fails on this ground as well.

### D. Watts is not entitled to discovery on his other claims.

Watts also submitted a general Request for Discovery to support the claims in his § 2255 motion. Reply, DN 654 at PageID# 5215-17. Judge King did not address this request in his Report

17

and Recommendation. Watts presents the same Request for Discovery in his Objections, but he also suggests that discovery is necessary to substantiate his claims regarding the source and dates of the two videos. *See, e.g.*, Objections, DN 657 at PageID# 5250. The Court will deny Watts' Request for Discovery because Watts has not shown good cause.

Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Good cause is met "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-909. Thus, a movant is not entitled to discovery when, considering the undisputed facts, the movant could not show entitlement to relief even if he discovered what he sought. *See Young v. Westbrooks*, 702 F. App'x 255, 269 (6th Cir. 2017).

Here, Watts is not entitled to discovery because he has not shown good cause. As explained in this Opinion, each of Watts' claims fails without regard to whether his theories concerning the videos are true. Thus, even if discovery would substantiate Watts' allegations, Watts would not be entitled to relief. The Court will therefore deny Watts' Request for Discovery.

**E. Watts is not entitled to an evidentiary hearing.**

Watts additionally requested an evidentiary hearing to support his claims. Reply, DN 640 at PageID# 5213-15. Judge King recommended that this request be denied. He explained that under 28 U.S.C. § 2255(b), a federal district court must hold an evidentiary hearing "[u]nless the motion and records of the case conclusively show that the prisoner is entitled to no relief." Report, DN 656 at PageID# 5236 (quoting 28 U.S.C. § 2255(b)). Judge King concluded that "[t]he record in

this matter conclusively demonstrates that Movant is not entitled to relief, obviating the need to hold an evidentiary hearing." *Id*.

In his Objections, Watts submits the exact same request for an evidentiary hearing that he included in his Reply. Objections, DN 657 at PageID# 5260-62. Because he has not pointed to an error in Judge King's recommendation, Watts has waived any argument on this finding. *Depweg*, 2015 WL 5014361, at *1 (citation omitted). There being no specific objection to Judge King's recommendation, the Court will adopt it. *Thomas*, 474 U.S. at 150.

### F. Watts is not entitled to a certificate of appealability.

Judge King recommended that Watts be denied a certificate of appealability. He explained that Watts has not shown that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong' and that the matter deserves 'encouragement to proceed further.'" Report, DN 656 at PageID# 5236 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Watts does not address this finding in his Objections and has thus waived any argument on this point. *Thomas*, 728 F.2d at 815. Accordingly, the Court will adopt Judge King's recommendation and deny Watts a certificate of appealability.

A separate order and judgment will be entered this date in accordance with this Memorandum Opinion.

January 2, 2025

Charles R. Simpson III, Senior Judge
United States District Court

19