UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-82-CRS
CIVIL ACTION NO. 3:23-CV-161-CRS

UNITED STATES OF AMERICA								PLAINTIFF

v.

DANTE DEWAYNE WATTS								DEFENDANT

## MEMORANDUM OPINION & ORDER

Defendant Dante Watts ("Watts") moved the Court to vacate his sentence and conviction pursuant to 28 U.S.C. § 2255. DN 640. The Court denied Watts' motion. Order and Judgment, DN 664. Watts now moves the Court to reconsider its judgment pursuant to Federal Rules of Civil Procedure 59 and 60. DN 666. Watts also moves the Court for leave to file a supplemental memorandum and accompanying materials in support of his motion. DN 667. The Court will accept and consider those materials. However, for the reasons set forth below, the Court will deny Watts' Motion for Reconsideration.

## BACKGROUND

The Court detailed the facts of this case in its previous opinion. DN 663. Accordingly, it will only briefly recount them here. On July 6, 2016, Watts was indicted on conspiracy to possess with intent to distribute heroin, methamphetamine, and cocaine, as well as conspiracy to launder monetary instruments. Indictment, DN 126. After a trial, a jury convicted Watts on these charges. Jury Verdict, DN 494. Watts appealed, and the Sixth Circuit affirmed his convictions. *United States v. Watts*, 2022 WL 706603 (6th Cir. Mar. 9, 2022). On April 4, 2023, Watts moved to vacate his conviction pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel ("IAC") and prosecutorial misconduct. Motion, DN 640. Most of his claims involved his

contention that two videos presented at trial were illegally obtained and altered. *Id.* Watts requested discovery and an evidentiary hearing to substantiate this belief. *Id.* The Court referred the matter to Magistrate Judge Lanny King who issued a report concluding that each of Watts' claims should be denied. Report, DN 656 at PageID# 5237. Watts objected to that report. On January 3, 2025, the Court overruled Watts' Objections adopted the report, and thereby denied Watts' § 2255 motion. Order and Judgment, DN 664. Watts now asks the Court to reconsider its judgment, arguing that "the district court committed an error of law" by denying his requested relief. Motion, DN 666 at PageID# 5314.

## **LEGAL STANDARD**

"Although the Federal Rules of Civil Procedure do not expressly provide for 'motions for reconsideration,' courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e)." *Albakri v. Al Said*, 2022 WL 18639040, at *1 (W.D. Ky. Dec. 16, 2022) (citing *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990)). Because motions for reconsideration conflict with the interest in the finality of a decision, they are "extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995)). Accordingly, such motions should only be granted if the movant shows "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). To show a "clear error of law," the movant "must demonstrate that errors were made which were so egregious that an appellate court could not affirm the district court's judgment." *Kelly v. City of Fort Thomas, Ky.*, 610 F. Supp. 2d 759, 781 (E.D. Ky. 2009), opinion modified on reconsideration (Apr. 23, 2009), *aff'd in part, rev'd in part and*

2

*remanded on other grounds sub nom. Sheffield v. City of Fort Thomas*, Ky., 620 F.3d 596 (6th Cir. 2010).

A motion for reconsideration "does not simply provide an opportunity to reargue a case." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd*, 11 F.3d 1341 (6th Cir. 1993). Finally, motions for reconsideration "cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

## **DISCUSSION**

Watts "argues that the district court committed an error of law" in denying his requested relief. Motion, DN 666 at PageID# 5314; *see also* Supplemental Memorandum, DN 667-3 at PageID# 5340. First, Watts asks the Court to reconsider its ruling that he waived his claims numbered 2, 4, 5, 7, 14.A, and 14 by failing to make specific objections. Motion, DN 666 at PageID# 5317-23. Watts asserts that his objections were sufficiently specific but does nothing more. *Id.* He does not articulate why. Instead, he merely repeats the same substantive objections that the Court has already overruled. *Id.* Accordingly, Watts fails to show any error of law here, and the Court will not disturb its prior ruling.

Watts also seeks reconsideration of the Court's rulings on his remaining IAC and prosecutorial misconduct claims, all of which involve two videos presented at trial. *Id.* at PageID# 5323-28; Supplemental Memorandum, DN 667-3 at PageID# 5341-46. Watts argued

3

that the videos were illegally recorded with a cell-site simulator and that the dates were altered. Memorandum Opinion, DN 663 at PageID# 5289. He thus claimed that trial counsel was ineffective by failing to investigate and challenge the videos and that the prosecution engaged in misconduct by misrepresenting the source of the videos. *Id.* at PageID# 5293; 5299. Watts now contends that the Court erred in holding that these claims lacked merit and in denying Watts discovery and an evidentiary hearing to support his theories. Motion, DN 666 at PageID# 5328; Supplemental Memorandum, DN 667-3 at PageID# 5346.

Again, most of these arguments were advanced in previous filings. The remainder could have been presented prior to the Court's judgment. Accordingly, they are improper grounds for a motion to reconsider. *Keweenaw Bay*, 152 F.R.D. at 563; *Howard*, 533 F.3d at 475.

Regardless, the Court did not err in denying Watts' requested relief. As the Court explained in its Memorandum Opinion, both IAC and prosecutorial misconduct require that the movant demonstrate a reasonable likelihood that the outcome of the proceeding was affected. *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (to show IAC, a movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). *United States v. Fields*, 763 F.3d 443, 462-63 (6th Cir. 2014) (to establish prosecutorial misconduct, movant must show that "the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury."). Thus, as the Court explained, even if Watts proved his theories and ultimately won a suppression motion with respect to the videos, he could not establish IAC or prosecutorial misconduct. There was "overwhelming record support" for Watts' convictions apart from the two challenged videos. Memorandum Opinion, DN 663 at PageID# 5298. Thus, the Court concluded that neither discovery nor an evidentiary hearing was warranted. *Id.* at PageID# 5303-05 (citing *Bracy v.*

*Gramley*, 520 U.S. 899, 908-909 (1997); 28 U.S.C. § 2255(b)). Watts presents nothing in his motion for reconsideration or supplemental materials to change this calculus. Nor does he advance any other permissible basis for relief under Rule 59 or Rule 60.[1] Accordingly, the Court will deny his motion.

## CONCLUSION

Therefore, motion having been made and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Dante Watts' Motion for Leave to File Supplemental Materials (DN 667) is **GRANTED**. Dante Watts' Motion for Reconsideration (DN 666) is **DENIED**. This is a **FINAL** and appealable order and judgment, there being no reason for delay.

April 29, 2025



Charles R. Simpson III, Senior Judge
United States District Court

---

[1] While Watts also moves under Rule 60, he provides no argument under this rule. Instead, he simply quotes the rule and does nothing more. Motion, DN 666 at PageID# 5313-14. Regardless, the Court sees no basis to amend its judgment under Rule 60. The only provision potentially applicable to Watts' motion is (b)(6), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." This provision "applies only in 'exceptional or extraordinary circumstances where principles of equity mandate relief,' . . . [and] such circumstances 'rarely occur' in the habeas context." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citations omitted). Indeed, such circumstances are not present here. As discussed, the Court did not err in denying Watts' § 2255 motion. Nor is there anything exceptional or extraordinary about this case such that equity would mandate relief.